### STATE v. JOE PATTERSON.

A defendant in custody and charged with larceny, upon his examination before a Justice of the Peace, being cautioned that "he was not obliged to answer any question for or against himself," confesses his participation in the larceny; such confession is admissible evidence on his trial before the Court.

A makes a crop of cotton on the plantation of B, under a verbal agreement that B is to have half of it, and while the cotton is in the house waiting to be ginned, and before any division, it is stolen: *Held*, that in the indictment the cotton was properly charged to be the property of A and another.

CRIMINAL ACTION, tried before *Buxton, J.*, at the Fall Term, 1872, of RICHMOND Superior Court.

The defendant, with others, was indicted for stealing 800 pounds of seed cotton, the property of Wm. M. Ballard *and*

*another.* The defendant, Patterson, was arrested and taken before a Justice of the Peace for examination. Before proceeding to examine the defendant, the attention of the Justice was called by the prosecutor to the importance of cautioning him, the defendant, as to his rights. He was accordingly told by the Justice, before any questions were asked him, that he was not obliged to answer any question for or against himself, and gave him his choice to answer or not. The defendant was without counsel, and nothing was said about his having counsel one way or the other. After receiving the caution, and without being sworn, the defendant admitted his participation in the larceny of the cotton. This admission was taken down in writing at the time by the Justice and returned to Court. The Solicitor having made the preliminary proof, offered to read the admissions in evidence. The defendant objected to the evidence for two reasons, 1st, Because the admission was made by defendant while under arrest ; and 2d, Because defendant at the time was without counsel. Objections overruled by the Court, and the defendant excepted.

It was in evidence, that the cotton was raised by Wm. M. Ballard on the plantation of one J. D. Pemberton, under a verbal agréement that Ballard was to pay Pemberton one half the cotton so raised. The cotton was stored in the gin house on the plantation, and had not been divided, when stolen. Pemberton testified that he considered the cotton as belonging to himself and Ballard. Upon this proof the defendant insisted that the cotton, until divided, was the property of Ballard, and that the ownership was improperly charged in the indictment, as being in "Wm. M. Ballard and another," and asked his Honor so to charge the jury, and that the defendant could not be convicted under this indictment. His Honor declined to instruct the jury as requested, being of opinion that the ownership of the property

was properly laid in accordance with sec. 19, chap. 35 Rev. Code. Defendant excepted.

There was a verdict of guilty. Rule for a new trial. Rule discharged. Judgment and appeal by defendant.

*Walker,* with whom was *Busbee & Busbee,* for defendant, submitted the following brief:

1. The confessions were not admissible, as the provisions of the act of 1868–'69, chap. 178, sec. 15, were not complied with. *State* v. *Matthews,* 66 N. C. Rep. 106. Brom's Maxims, marg. p. 931.

2. The ownership of the property was not correctly laid. Nothing passed by the agreement to Pemberton. *Mastin* v. *Marlow,* 66 N. C. Rep. Acts 1866–'67, chap. 1, and 1868–'69, chap. 156, sec. 13.

Ballard was a tenant, and as such owned the entire crop. *Deaver* v. *Rice,* 4 Dev. & Bat. 431. *Rooks* v. *Moore,* Busb. 1. *Lewis* v. *Wilkins,* Phil. Eq. 303. 2 Black.

If Ballard was the overseer, laborer or cropper, the whole property was in Pemberton until a division. *State* v. *Jones,* 2 Dev. & Bat. 544, Busb. 1; *Brazier* v. *Ainsly,* 11 Ired. 12; *Wood* v. *Atkinson,* 2 Mur. 87. If the entire crop was in either, the indictment must fail. The ownership must be proved as laid. 4 McCord 16; 10 Rich. 169; 3 Green. Ev. sec. 161, note and cases cited.

*Attorney General,* for the State.

BOYDEN, J. In this case there are two questions raised by the record:

First, as to the competency of the confessions made by the defendant to the magistrate before his commitment. The objections urged are that the caution given by the Justice of the Peace were not as full as required by the act of 1868–

'69, chap. 178. In this case before any confessions were made, the Justice of the Peace told the defendant "that he was not obliged to answer any question for or against himself, and gave him the choice to answer or not." The case states that the defendant was without counsel and that nothing was said about his having counsel;" but that after receiving the above caution, the defendant, without being sworn, made admissions of his participation in the larceny of the cotton. The admissions were taken down in writing at the time by the magistrate, and returned to Court. The case then states that the Solicitor having made the preliminary proof, offered to read the admissions in evidence. Defendant's counsel objected, as the case states for two reasons. First, that the admissions were made while the defendant was under arrest. Second, because the defendant at the time was without counsel. These objections were overruled and the admissions received.

It is very clear that these admissions ought not to have been rejected for either of the reasons urged by the counsel.

The other question was, as to the ownership of the property stolen. The testimony as to the ownership of the property charged to have been stolen, was as follows : "The cotton was raised by William M. Ballard on the plantation of John D. Pemberton, in Richmond county, under a verbal agreement between Ballard and Pemberton. Ballard was to pay Pemberton one-half of the cotton raised on the plantation. This lot of cotton was stored in the gin-house on the plantation and had not been divided at the time it was stolen; it was seed cotton taken to the gin-house to be ginned. John D. Pemberton testified that he considered the cotton as belonging to himself and Ballard.

Upon this proof the counsel for the defendant insisted that the cotton, until divided, was in law the sole property of Ballard, and that the ownership was improperly charged in the indictment as being the property of William M.

Ballard and another, and asked his Honor to charge the jury, that under this indictment the defendant could not be convicted.

His Honor refused to charge as requested, being of opinion that the ownership of the cotton was properly laid in accordance with the Revised Code, chap. 35, sec. 19. His Honor was right in declining to give the instruction requested, as there was no evidence that Ballard had rented the land, and this cannot be inferred from the word pay as mentioned in the evidence. Had it appeared that Ballard had rented the plantation, and that Ballard was to be at the whole expense in making the cotton, and to pay one-half of this cotton by way of rent to Pemberton, then it would have been the duty of his Honor to have submitted to the jury the question whether Ballard was not still the sole owner of the cotton until actually divided, although it had been hauled to the gin-house to be ginned. But we understand his Honor as substantially charging the jury that if they believed the evidence, then the charge in the indictment laying the property stolen as the property of Ballard and another was right, and it would be their duty to convict so far as the charge of ownership was concerned; as chap. 35 sec. 19 of the Revised Code authorized the charge to be laid as in this indictment. In this there was no error.

. This will be certified to the end that the Court below may proceed to judgment and sentence according to law.

PER CURIAM.                    Judgment affirmed.