STATE v. BRISTOW EDWARDS.

*Indictment—Larceny.*

A and B, owners of a mill, employed C as a miller, giving him one-third of the toll received, as compensation for keeping the mill, and the flour alleged to have been stolen was made of undivided toll wheat; *Held* that in the indictment the ownership of the flour was not properly laid in the miller, but it should have been charged to be the property of A and others.

(*State* v. *Patterson*, 68 N. C., 292, cited and approved.)

INDICTMENT for larceny tried at Spring Term, 1881, of ROCKINGHAM Superior Court, before *Avery, J.*

The defendant was charged with stealing flour, the property of P. J. Waynick. It appeared in evidence that the said P. J. Waynick was a miller in the employment of T. C. Moore and Elisha Wade, who were the owners of the mill, and the said Waynick had entire charge of the mill and profits. The toll received was divided equally between P. J. Waynick and the said Moore and Wade, the said Waynick receiving one-third thereof as a compensation for keeping the mill.

The flour taken was made by grinding a half bushel of the undivided toll wheat, the said wheat having been run through the mill just after cleaning, and put in a sack which was set in a box in the mill-house, from which it was taken.

The defendant's counsel asked the court to charge the jury, that the ownership of the flour was not properly laid in P. J. Waynick, but that the bill should have charged that it was the property of said Moore, Wade and Waynick.

But His Honor refused this instruction and charged the jury, "that if the said P. J. Waynick was the miller, and had entire charge of the mill, and if the flour taken was

made from wheat in which the said Waynick had an undivided interest, as a part of his compensation for keeping the mill, then he was a bailee, and the jury would find that the property was his as charged in the bill of indictment. The jury found a verdict of guilty. Judgment, appeal by defendant.

*Attorney General,* for the State.
No counsel for the defendant.

ASHE, J. The case of the *State* v. *Patterson,* 68 N. C., 292, is decisive of this case. There, the defendant was indicted for larceny in stealing cotton, which was charged in the indictment as the property of W. M. Ballard " and another." The proof was that the cotton was raised by W. M. Ballard on the plantation of J. D. Pemberton, under a verbal agreement that Ballard was to pay Pemberton one half of the cotton raised; the cotton was stored in the gin-house on the plantation and had not been divided when stolen. Pemberton testified that he considered the cotton as belonging to himself and Ballard. Upon this proof the counsel for the defendant insisted that the cotton until divided was in law the sole property of W. M. Ballard, and that the ownership was improperly charged in the bill of indictment as being the property of W. M. Ballard and another, and that under that bill of indictment the defendant could not be convicted.

His Honor refused to charge as requested, and held that the ownership of the property was properly laid in the indictment, in accordance with Rev. Code, ch. 35, § 19. This court sustained the ruling and affirmed the judgment.

The facts of this case bear such close analogy to those of the case under consideration, that the authority of its decision must govern us in holding there was error.

Let this be certified that a *venire de novo* may be awarded.
Error.　　　　　　　　　　　　　　　　*Venire de novo.*