FRASIER v. THE STATE.

1. Where the offences charged in an indictment, containing several counts, were all of the same nature, founded on the same section of the statute, and upon which the same judgment could have been rendered, if the evidence sustained any of the counts, the jury had a right to find a general verdict, as there was no misjoinder.

2. On an indictment founded on the 31st sec. of the 8th art. of the act concerning crimes and punishments, it is not necessary to prove the commission of the offence on the particular Sunday laid in the indictment, for though time is undoubtedly of the essence of the offence, so far as the day of the week is concerned, yet the particular Sunday, or day of the month, laid, provided the same be within twelve months before the finding of the indictment, is perfectly immaterial.

APPEAL from the circuit court of Ste. Genevieve county.

*P. Cole,* counsel for appellant:

The appellant submits that the above evidence does not support the indictment, and the court therefore erred in refusing him a new trial.

*J. S. Brickey,* circuit attorney, for the State:

The only questions before this court are: 1. Did the court err in refusing the defendant a new trial?

2. Is the evidence such as would warrant the jury in finding the defendant guilty?

NAPTON, Judge, delivered the opinion of the court.

This was an indictment against defendant, founded on the statute, which prohibits persons from selling goods, keeping open tipling houses, and selling liquors after nine o'clock in the morning of Sunday—Rev. Code of 1835, p. 209. The indictment contained four counts. The first count charged, that defendant did, at, &c., on, &c., "keep open a certain tipling house in the county aforesaid, after nine o'clock in the morning, on the first day of the week, commonly called Sunday, contrary," &c.

The second count charges, that defendant did "retail distilled liquors after nine o'clock in the morning on the first day of the week, commonly called Sunday," &c.

The third count charges, that defendant "did sell liquor to divers persons, to the jurors aforesaid unknown, after nine o'clock in the morning of the first day of the week, called Sunday," &c.

The fourth count charges, that defendant "did keep open a grocery, kept by him, the said Frasier, then and

there for the purpose of selling distilled liquors, to divers persons," &c., "after nine o'clock," &c.

The evidence was, that some time about two weeks before the term of the court at which the indictment was found, the defendant had his grocery open between the hours of eleven and twelve on Sunday; that witness drank some wine and saw others buy spirituous liquors of defendant at the same time, and pay for the same. The jury found a general verdict of guilty. There was a motion for a new trial, which was overruled. The grounds upon which the appellant relies to reverse the judgment of the circuit court are, that the evidence did not sustain the indictment, and that the general finding by the jury was erroneous.

I can see no misjoinder in this case. The offences charged are all of the same nature, founded on the same section of the statute, and upon which the same judgment could have been entered—Archbold's Evi. P. C. 62; 1 Chit. Crim. Law, 249. If the evidence sustained any of the counts, the jury had a right to find a general verdict—The People v. Olcott, 2 John. Ca. 311. But it is urged by the counsel for appellant, that time is essential in this offence, and that there was no proof of the commission of the offence on the day alleged in the indictment, or either of the days specified in the different counts. The time is undoubtedly of the essence of the offence so far as the day of the week is concerned. The proof must establish that the liquor was sold, or the tippling shop kept open on a Sunday within twelve months before the finding of the indictment; but whether on the particular Sunday (or day of the month) laid in the indictment, is perfectly immaterial. The judgment of the court below is affirmed.