STATE *v.* W. A. and GEORGE WRAY.

A druggist, who in good faith and with due caution, sells as a medicine by the direction of a practising physician, spirituous liquors in a quantity less than a quart, is not indictable therefor.

BYNUM, J., *dissenting.*

INDICTMENT, for retailing spirituous liquors without a license, tried at the Fall Term, 1874, of CLEAVELAND Superior Court, before his Honor; *Schenck, J.*

The facts, as found by the jury, before whom the case was tried in the Court below, are fully stated in the opinion delivered by Justice SETTLE.

His Honor being of opinion from the facts found, that the defendants had committed no indictable offence, gave judgment accordingly ; from which judgment of acquittal, the Solicitor for the State appealed.

*Attorney General Hargrove,* for the State.

No counsel in this Court, for the defendant.

SETTLE, J. The defendants being indicted for retailing spirituous liquors, without a license so to do, the jury rendered the following special verdict: "The defendants were druggists and partners in the town of Shelby, and kept medicines for sale, but had no license to retail spirituous liquors. In the month of July, 1872, Dr. O. P. Gardner, a practising physician in the town of Shelby, prescribed the use of a half pint of French brandy for Mrs. Durham, the wife of the witness, Hill Durham, and directed the witness to go to the defendants for it. That Dr. Gardner also went to the defendants and directed them to let the witness have the said brandy for his wife as medicine. The witness then went to the defendants and purchased the half pint of French brandy, and his wife used it as medicine. That French brandy is a spirituous liquor; that it is also an essential medicine, frequently prescribed by physicians, and often used, and that in this case it was bought in good faith as a medicine, and was used as such.

The letter of the law has been broken, but has the spirit of the law been violated? The question here presented has been much discussed, but it has not received the same judicial determination in all the States in which it has arisen. In this conflict of authority we shall remember that the reason of the law is the life of the law, and when one stops the other should also stop.

What was the evil sought to be remedied by our statute? Evidently the abusive use of spirituous liquors, keeping in view at the same time the revenues of the State. The special verdict is very minute in its details, and makes as strong a case for the defendants as perhaps will ever find its way into Court again. A physician prescribes the brandy as a medicine for a sick lady, and directs her husband to get it from the defendants, who are druggists. It may be that a pure article of brandy, such as the physician was willing to administer as a medicine, was not to be obtained elsewhere than at the defendants' drugstore. The doctor himself goes to the defendants and directs them to let the witness have the brandy as a medicine for his

wife.  And the further fact is found, which perhaps might have been assumed without the finding, that French brandy is an essential medicine, frequently prescribed by physicians and often used; and the farther and very important fact is established, that in this case it was bought in good faith as a medicine, and was used at such.  After this verdict we cannot doubt that the defendants acted in good faith and with due caution, in the sale which is alleged to be a violation of law.

In favor of defendants, criminal statutes are both contracted and expanded.  1 Bishop, par. 264.  Now unless this sale comes within the mischief which the statute was intended to suppress, the defendants are not guilty; for it is a principle of the common law, that no one shall suffer criminally for an act in which his mind does not concur.  The familiar instance given by Blackstone illustrates our case better than I can do by argument.  The Bolognian law enacted "that whosoever drew blood in the street, should be punished with the utmost severity."  A person fell down in the street with a fit, and a surgeon opened a vein and drew blood in the street.  Here was a clear violation of the letter of the law, and yet from that day to this, it has never been considered a violation of the spirit of the law.  Perhaps it will give us a clearer view of the case if we put the druggist out of the question, and suppose that the physician himself, in the exercise of his professional skill and judgment, had furnished the liquor in good faith as a medicine.  Can it be pretended that he would be any more guilty of a violation of our statute, than the surgeon was guilty of a violation of the Bolognian law?  We think not.

But we would not have it understood that physicians and druggists are to be protected in an abuse of the privilege.  They are not only prohibited from selling liquor in the ordinary course of business, but also from administering it as a medicine unless it be done in good faith, and after the exercise of due caution as to its necessity as a medicine.  The sale of liquor without a license, in quantities less than a quart, is *prima facie* unlawful, and it is incumbent upon one who does

so sell, to show that it was done under circumstances which render it lawful. In this case we think such circumstances have been shown, and we concur in the judgment of his Honor, that the defendants are not guilty.

PER CURIAM.                                        Judgment affirmed.