STATE v. JACOB WOOL.

*Selling Liquor on Sunday.*

A licensed retail liquor dealer is indictable under the act of 1877, ch. 38, for selling liquor on Sunday, *except on the prescription of a physician and for medical purposes,* even though the same be bought for and used by a sick person, and the defendant so informed at the time of the sale.

(*State* v. *Wray,* 72 N. C., 253, cited and approved.)

INDICTMENT for misdemeanor, tried at Fall Term, 1881, of CHOWAN Superior Court, before *Bennett, J.*

The defendant was tried and convicted for selling spirituous liquor on Sunday, without having a physician's prescription, and not for medical purposes.

The defendant at the time of the sale was a retail liquor dealer in the county of Chowan, duly licensed, and sold to one Joseph Jones, on Sunday, a pint of spirituous liquor, the said Jones at the time not having a prescription from a physician, but the same was bought for a sick person, and the defendant was so informed at the time, and the liquor was used by said sick person. Verdict of guilty, judgment, appeal by defendant.

*Attorney General,* for the State.
*Messrs. Gilliam & Gatling,* for defendant.

ASHE, J. The indictment was preferred against the defendant for a violation of the act of 1877, ch. 38, the first section of which reads: "That it shall be unlawful for any person to sell spirituous or malt or other intoxicating liquors on Sunday except on the prescription of a physician and for medical purposes."

The object of the legislature in passing this act, was, to prevent the traffic in intoxicating liquors on the Sabbath

day. Before its passage, the licensed dealer could sell as well on that as on any other day of the week; and so might have done the unlicensed dealer, if he sold under the prescription of a physician and for a medical purpose. *State* v. *Wray*, 72 N. C., 253. The act then in no way affected the rights of an unlicensed dealer, for he, according to that decision, had the right to do what is allowed him to do by the act, that is, to sell on Sunday, *bona fide*, for a medical purpose upon the prescription of a physician, and the only effect of the act was to restrict the franchise of him who had license to sell by a measure less than a quart.

We can well imagine many cases where it would be a hardship not to be allowed to sell spirituous liquor for medical purposes, where the prescription of a physician is not, or could not be obtained, but the legislature has seen proper to attach both qualifications to the right of selling on Sunday, and we must administer the law as the law-makers have seen proper to declare it.

There is no error. Let this be certified to the superior court of Chowan that further proceedings may be had.

No error.                                      Affirmed.