## STATE v. EDWARD BRYSON.

*Sunday Laws, violation of—Indictment, proof to sustain—Liquor
Selling.*

An indictment charging the commission of an offence on Sunday (here sell-
ing liquor), when the doing the act on that day is the gist of the offence,
though it names the day of the month which does not fall on Sunday, is
sufficient, and may be supported by proof of its commission on a Sunday.

(*State* v. *Wool,* 86 N. C., 708; *State* v. *Drake,* 64 N. C., 589, cited and
approved).

INDICTMENT for misdemeanor tried at November Special Term,
1883, of NEW HANOVER Criminal Court, before *Meares, J.*

The defendant is charged with selling liquor on Sunday in
violation of THE CODE, §1117. There was a verdict of guilty,
and the defendant appealed from the judgment pronounced.

*Attorney-General,* for the State.
No counsel for defendant.

SMITH, C. J. The defendant, indicted under the act of
January 11th, 1877 (THE CODE, §1117), on his trial before the
jury, was found guilty of the offence of selling intoxicating
liquors without the prescription of a physician and not for
medical purposes, on the 10th day of June, 1883, the said day
being Sunday as charged in the bill. Upon the trial it was
proved that the defendant, a licensed retailer of spirituous liq-
uors, in the city of Wilmington, sold two drinks of whiskey to
the witness, one for himself and one for his companion, on a
Sunday either in the month of June or July, 1883, but on
which Sunday in those months the witness was unable to say.

The defendant's counsel asked that an instruction be given to
the jury that the verdict should be for the defendant, because
the state had failed to prove the particular Sunday specified in
the bill.

The court refused the prayer, and charged the jury that it was sufficient for the state to show that the retailing was on Sunday in one or other of the months mentioned by the witness. To this direction, as well as to the refusal to give that asked, the defendant's counsel excepted, and judgment being rendered on the verdict, the defendant appealed.

The statute is general in its terms, and applies to licensed retailers as well as to others (*State* v. *Wool*, 86 N. C., 708), and the appeal presents the single question whether the state is required to prove, not only that the selling was on a Sunday, but that it was on the day of the month mentioned in the bill.

The proposition is so utterly at variance with the well settled rules of criminal pleading and the uniform course of adjudications, that we are at a loss to find any plausible ground upon which the exceptions can be placed. It is due, however, to the accused that we consider the merits of his appeal.

An eminent author on criminal law lays down the principle governing in such cases in these words :

"The statement of the day of the month in an indictment for an offence on Sunday, though the doing of the act on that day is the gist of the offence, is not more material than in other cases; and hence if the indictment charge the offence to have been committed on Sunday, though it names the day of the month which does not fall on Sunday, it is good." 1 Whar. C. L., §§263 and 275. To the same effect, 1 Bishop C. L., §250.

It is expressly so ruled in the following cases : *State* v. *Frazier*, 5 Mo., 536 ; *State* v. *Eskridge*, 1 Swan (Tenn.), 413; *Megonon* v. *Commonwealth*, 2 Metc. (Ky.), 3; *People* v. *Ball*, 42 Barb. (N. Y.), 324.

In entire accord with these adjudications is our own ruling in *State* v. *Drake*, 64 N. C., 589, where the day of the month charged to be the Sabbath day did not in fact fall on the Sabbath.

The court quoted and approved the rule laid down by Mr. WHARTON in the passage which we have quoted.

There is no error in the ruling of the court; nor upon inspection do we discover any grounds for arresting the judgment. This will be certified to the court below that the court may proceed to judgment according to the verdict.

No error.                                                     Affirmed.