THE STATE v. ALBERT WHISSENHUNT.

*Liquor Selling—Statute—" Place of Manufacture."*

The " place of manufacture," at which the sales of " liquors and wines," under former Revenue Acts, and " wines " under the present act, may be sold without license or tax, is confined to the distillery, or to places so near as to be used in the business of distilling.

CRIMINAL ACTION, tried before *Clark, Judge,* at December Term, 1887, of DAVIDSON Superior Court.

The indictment, found by the grand jury at June Term, 1887, of Davidson Superior Court, charges the defendant with violating the Revenue Act in selling spirituous liquors without first obtaining a license therefor, specifying the offence in four separate counts.

The first count charges the selling, in general terms, by a measure less than a quart;

The second in selling a quantity less than five gallons, to-wit, by the quart, negativing the fact that the spirituous liquors thus sold were the product of the defendant's farm, or of his manufacturing, or that the sale was made at the place of manufacture;

The third, the selling in quantities less than five gallons, to-wit, by the gallon, with similar negations.

The fourth, selling on Sunday intoxicating liquor without the prescription of a physician, and not for medical purposes.

The cause coming on for trial on the plea of not guilty, the jury rendered a special verdict, in which they find:

"That the defendant, Andrew Whissenhunt, on the first day of November, 1886, sold to one James M. Kinley (the person to whom the spirituous liquors in all the counts mentioned are alleged to have been sold) one quart of whisky of his own manufacture; that the place of sale was at the dwelling-house of the defendant, about 200 yards from the place of manufacture; that at the place of sale the defendant had several barrels and jugs of whisky moved there directly from his distillery; that if upon this state of facts, the Court is of opinion that the defendant is guilty, the jury for their verdict say he is guilty, and if upon this state of facts, the Court is of opinion that the defendant is not guilty, the jury find him not guilty."

The Court being of opinion that the defendant, upon the findings, is not guilty, directed it to be so entered, and discharged the defendant, from which judgment the State appealed.

*The Attorney General,* for the State.
No counsel for the defendant.

SMITH, C. J., (after stating the case). The enactments in the Revenue Acts of 1885 and 1887, section 34 in the former, and section 31 in the latter, are, in terms, essentially the same

in relation to the sale of spirituous liquors, and in requiring a previous license therefor, the differences not affecting the criminal act as a misdemeanor. The former requires the semi-annual payment of the tax, the latter its payment quarterly; and there is a slight change in the form of the exceptions, in that a person in the one case may sell *liquors or wines*, the product of his own farm or of his own manufacture, at the place of manufacture; and in the latter enactment he may *sell wines* of his own manufacture at the place of manufacture, and wines or spirits, produced from his own farm, in quantities not less than a quart, elsewhere as well.

The finding brings the case within the averments made in the third count and the condemnation of the statute; and its sufficiency, in form, to charge the offence is not controverted, nor the defendant's criminal responsibility denied, if they are true and supported by the proofs. The only point is as to meaning of the words which permit the selling at the place where the liquors are made, and can this be said of a sale at the defendant's house, some 200 yards distant from the locality of manufacturing the liquors?

We do not concur in the ruling of the Judge in his construction of the statute. It was not, in our opinion, the purpose of the exception to convert a residence, so far remote, into a liquor-selling store, and thus multiply the evils intended to be remedied, but to authorize the disposition of these intoxicating drinks at the distillery, or at places so near as to be used in the business of distilling. If the distance of 200 yards be not too remote, where shall the limit to the privilege be assigned?

That both the residence and distilling operations are upon the same farm can make no difference in fixing the place at which the privilege may be exercised without the payment of the required tax for retailing.

There is error, and the judgment must be reversed and jugment against the defendant.

Error.