### THE STATE v. E. FOY.

*Justices of the Peace—Indictment—Statutory Offences.*

1. The operation of §765 of *The Code,* making it a misdemeanor for any of the officers therein named to fail to perform the duties prescribed, is confined to such as are ministerial in their nature.

2. An indictment against a justice of the peace, alleging that he " wilfully and unlawfully failed to furnish the Clerk of the Superior Court * * with a list containing the names of all parties tried in all criminal actions finally disposed of before him," &c., but omitting to state the names, if known, of the persons so tried, sufficiently charges the offence under §906 of *The Code.*

(*State* v. *Stamey,* 71 N. C., 202; *State* v. *McIntosh,* 92 N. C., 795; *State* v. *George,* 93 N. C., 567; *State* v. *Hall,* Ibid., 571, and *State* v. *Wilson,* 94 N. C., 1015, cited).

CRIMINAL ACTION, heard by *Shipp, Judge,* at Spring Term, 1887, of CRAVEN Superior Court, upon defendant's motion to quash. The motion was allowed, and the State appealed.

*The Attorney General,* for the State.
*Mr. Clem. Manly,* for the defendant.

SMITH, C. J. The defendant, as a justice of the peace, is charged with a wilful and unlawful neglect and failure to furnish the Clerk of the Criminal Court of his county with the list of the criminal cases tried and finally disposed of by him during the year 1885, and before the 10th day of May in that year, together with the papers in each case, as required by §906 of *The Code.* This neglect is made a misdemeanor by the Act of March 4, 1879, when the justice or other officer failed to pay over fines, penalties and forfeitures that were received, but is extended to all cases when there is such delinquency as to any of the duties imposed by *The Code* in the officers designated, among whom are justices of

the peace.  *The Code,* §765.  But a reasonable construction of the enactment, in our opinion, confines its operations to ministerial duties required to be performed, and to this class belongs the offence imputed.

The indictment alleges that the defendant, as a justice of the peace, did, on certain days in the year 1885, prior to the 10th day of May, try and finally dispose of certain criminal actions which were before him, and " did wilfully and unlawfully fail to furnish the Clerk of the Superior Court of said county, at Spring Term, 1885, with a list containing the names of all parties tried in all criminal actions finally disposed of by him as justice of the peace aforesaid since Fall Term, 1884, of said Superior Court."  The allegations, in form, substantially pursue the terms of the statute in defining the offence.  The counsel of the defendant moved the Court to quash the indictment, for the reason that it omitted "to state the name of the person, or that his name was unknown, so tried, and whose case was finally disposed of by the defendant."  The motion was allowed and the order to quash made.

It is not stated upon what ground the action of the Court was predicated, but the Judge seems to have instituted an inquiry into the facts, and he finds therefrom that no cases, such as are by the statute required to be returned, nor criminal cases of any kind, were before the defendant, as a justice, to be disposed of during the period mentioned in the indictment.  Though this statement is in the case prepared on the appeal of the State, we cannot attribute the ruling to the experienced and able Judge who tried the cause, since the facts are to be passed on and ascertained by the jury on the inquiry into the truth of the allegations contained in the indictment, as found by the grand jury upon the evidence. We consider, therefore, the ruling to have been upon the insufficiency, in form, of the indictment to charge the statutory offence, and in this there is error.

Generally, a crime, made such by statute, should be charged in the words of the statute; and this case does not belong to the excepted class when the statute is general in terms, and it is necessary to state facts that bring the case within its operation, and with a particularity that will protect the accused from a second prosecution for the same offence, as in the case cited for the defendant, *State* v. *Stamey*, 71 N. C., 202.

"It is well established, as a general rule," says ASHE, J., in *State* v. *McIntosh*, 92 N. C., 795, "that in indictments for offences created by statute it is not only sufficient to follow the words of the statute, but it is necessary to do so, or, at least, to use words of equivalent import, otherwise the indictment will be defective." And to like effect are *State* v. *George*, 93 N. C., 567; *State* v. *Hall*, Ibid., 571; *State* v. *Wilson*, 94 N. C., 1015; 1 Whart. Cr. Law, §364.

The criminality in the present case lies in the wilful neglect to perform a distinct ministerial duty, in making return of certain criminal proceedings, and this is directly alleged, so that the questions are, did he have before him such proceedings, and did he wilfully fail to make return of them? This advises the accused of the particulars of the criminal neglect imputed, and is, in itself, a protection against any further prosecution for the same offence.

There is error, and the ruling reversed, to the end that the cause proceed in the Court below, to which end this will be certified.

Error.