STATE v. DUNCAN HAZELL.

*Unlawful Sale of Liquor, under ch. 175, § 34, Laws 1885—Indictment; form of, under said Act—Special Verdict, does not aid defective bills.*

1. An indictment, for unlawfully retailing spirituous liquors, under ch. 175, § 34, Laws 1885, is fatally defective which charges a sale "by the measure less than a gallon," because it fails to so specify the offence as to show whether the defendant is charged under the first or second paragraphs of the section.

2. *Semble,* that an indictment under the 2d and 3d paragraphs of said section, should negative the fact that the liquor sold was of the defendant's own manufacture, and sold at the place of manufacture, or the product of his own farm.

3. A distiller, licensed under the laws of the United States, cannot sell liquor of his own manufacture in violation of the laws of the State.

4. A sale of liquor 300 or 400 yards from the distillery, though on the defendant's own farm, is not a sale "at the place of manufacture," within the meaning of the statute.

5. The findings of the jury in a special verdict do not aid a defective bill of indictment.

INDICTMENT for unlawfully retailing spirituous liquors, by the measure less than a gallon, without license, tried before Clark, J., at the Spring Term, 1886, of the Superior Court of ALAMANCE County.

The jury return a special verdict, as follows: "That in June, 1885, John Jeffries bought of the defendant, Duncan Hazell, one gallon of whiskey, at defendant's store, on his plantation in Alamance County; that defendant had no State license to retail spirituous liquors, but was a licensed distiller under the laws of the United States, and the whiskey sold was of his own manufacture; that defendant's distillery was 300 or 400 yards distant from the store where this whiskey was sold, but on the same premises, which was a farm of forty acres belonging to the defendant, and that he had no other place of retailing liquors, this being his sole place of business.

The jury say, for their verdict, that if the Court is of opinion, upon this state of facts, that the defendant is guilty, they so say for their verdict; and if, upon said state of facts, the Court is of opinion that the defendant is not guilty, they return for their verdict, that he is not guilty."

The Court being of opinion that the defendant was not guilty, the verdict was so entered, with judgment that the defendant be discharged; from which, the State appealed.

The indictment charges that the defendant, in the County of Alamance, "to one John Jeffries, spirituous liquors by the measure less than a gallon, unlawfully did retail, the said Duncan Hazell not having then and there a license to retail spirituous liquors by the measure aforesaid." &c.

*Attorney General,* for the State.

No counsel for the defendant.

DAVIS, J., (after stating the facts). Chapter 175, § 34, Acts of 1885, relating to the sale of spirituous liquors, requires a license: "First, for selling in quantities less than a quart, &c. Second, for selling in quantities of *one* quart and less than *five* gallons, &c. Third, for selling in quantities of five gallons or more, &c.  *   *   *   Nothing in this section con-

tained shall prevent any person selling the liquors or wines of their own manufacture, at the place of manufacture, or any person from selling spirits or wines, the products of his own farm, without the license prescribed in paragraph two and three."

The special verdict finds that the defendant was a licensed distiller under the laws of the United States; that the whiskey was of his own manufacture, and that it was sold at his store, 300 or 400 yards from his distillery, but on the same premises.

The facts, that the defendant was a licensed distiller, and that the whiskey was of his own manufacture, affords no immunity, if he sells contrary to the regulations and requirements of the laws of the State. State v. Joyner, 81 N. C., 534, and the cases there cited.

Nor is a sale made 300 or 400 yards from the distillery, though on the defendant's farm, made "at the place of manufacture," within the meaning of the statute. This is settled by State v. Whissenhunt, 98 N. C., 682.

But the indictment charges a sale "by the measure less than a gallon," and the special verdict finds, substantially, that the defendant sold "one gallon of whiskey." It will be noted that the saving clause in the section does not apply to the first paragraph or clause—that is, for selling in quantities less than a quart—but only to the second and third; and the indictment is fatally defective, in that it fails to so specify the offence as to show whether the defendant is charged under the first or second paragraphs. Less than a gallon may be a quart, or a pint, or a gill, and the finding of the jury does not aid the indictment, and judgment ought to have been arrested.

We suggest, whether an indictment, whether drawn under the second or third paragraph, should not negative the fact that the liquor sold was of the defendant's own manufacture, and sold at the place of manufacture, or the

products of his own farm, as seems to have been done in *State* v. *Whissenhunt, supra.* See *State* v. *Stamey,* 71 N. C., 202; *State* v. *Miller,* 7 Ired., 275; and *State* v. *Loftin,* 2 D. & B., 31.

Let this be certified.

Judgment arrested.