## STATE v. FREELAND SUTTON.

*Spirituous Liquors ; indictment for sale of—L.* 1885, *ch.* 175, § 34, *L.* 1887, *ch.* 185, §§ 31, 45—*Repeal of Criminal Statute ; effect of—Repeal by implication.*

1. Section 45, ch. 135, L. 1887, repeals the laws "imposing taxes" on the subjects "revised," but does not repeal the penalties imposed for a violation of the Revenue Laws.

2. The proviso in § 34, ch. 175, L. 1885, in reference to sale of liquor by distillers, &c., applies to sales of *one quart or more*, but not to sales of *less* than a quart. Sales "in quantities of *one quart or less*," are excluded from the benefits of the proviso in § 31, ch. 135, L. 1887.

3. An indictment, charging that defendant unlawfully sold to A B, "spirituous liquors by the measure less than a gallon, to-wit: by the quart * * * not having license to sell spirituous liquors by the measure aforesaid," is fatally defective, both under the laws of 1885, ch. 175, and the laws of 1887, ch. 135, for reasons given in *State* v. *Hazell, ante.*

4. If the Legislature enacts a law in the terms of a former law, and at the same time repeals the former, this amounts, in law, to a re-affirmance, and not a repeal, of such law; and it continues in force for all purposes without intermission. A repeal of a statute by implication is not favored by the Courts.

INDICTMENT for selling spirituous liquors without license, tried before *Gilmer, J.,* at Spring Term, 1888, of ALAMANCE Superior Court.

The facts appear in the opinion.

*Attorney General,* for the State.

No counsel for the defendant.

DAVIS, J.   The indictment charges that the defendant "to one W. F. Morton, spirituous liquors by the measure less than a gallon, to-wit: by the quart, unlawfully did sell * * * * not having then and there a license to sell. spirituous liquors by the measure aforesaid, contrary," etc.

The jury returned the following special verdict: " That about the middle of the summer of 1886, the defendant sold spirituous liquors by the quart and, prior to this time, by the pint and quart, within two· years· prior to the beginning of this inquisition, to W. F. Morton ; that the defendant at the time of such sales, was agent of Dan Sutton, a distiller of spirituous liquors, whose distillery was in operation 300· yards from the place of selling, a public road intervening; that the distillery of the said Sutton was situated on an acre of land, leased by the said Dan Sutton for the purpose, and had been run off and the boundaries ascertained by a survey, and that the liquor sold was manufactured at said distillery; that the land on which the grocery, where the said sales were made 300 yards down the road, was a separate tract of land, but adjoining, belonging to the defendant, but mortgaged for five years to Dan Sutton, who was in possession, though not paying nor under any agreement to pay rent."

The jury find the defendant guilty or not guilty, as the Court may be of opinion upon the facts.

" Upon this special verdict, his Honor adjudges the defendant guilty.   Defendant moves in arrest of judgment for that the Act under which the defendant was indicted has been repealed.   Motion allowed.   Judgment suspended (arrested)." Appeal by the State.

The repealing section in the Act of 1887, (Ch. 135, § 45,)· relied on by the defendant, relates to and repeals the laws "imposing taxes" on the subjects "revised," and does not·

relate to the penalties imposed for a violation of the Revenue Laws. They are not embraced in the language of the repealing section, and a repeal by implication is not favored. *Jones* v. *Insurance Co.*, 88 N. C., 499. The proviso in' the repealing section shows the intended scope and purpose of it.

But if it were otherwise, simultaneous with the repealing section, the penalties for a violation of the provisions of the revenue law are enacted in substantially the language of the Act of 1885, to make these apply to the provisions of the Act of 1887. Even if it were a repeal of the Act of 1885, as insisted by the defendant, "if the Legislature enacts a law in the terms of a former one, and at the same time repeals the former, this amounts to a re-affirmance of the former law, which it does not, in legal contemplation, repeal. The provision is continued without any intermission." Bishop on Statutory Crimes, § 181.

It will be observed that the defendant is indicted for selling spirituous liquors " by the measure less than a gallon, to-wit: by *the quart*." The Act of 1885, Ch. 175, § 34, prohibits the sale of liquors, etc., in " quantities *less* than a quart," without a license, and the proviso in reference to a sale at the place of manufacture, by the distiller, or the products of one's own farm, does not apply to sales of *less* than a quart, but does apply to sales in quantities of *one quart* or more.

The Act of 1887, ch. 135, § 31, excludes from the benefits of the proviso sales "in quantities of *one quart* or *less*." The indictment seems to have been drawn under the Act of 1887, but, by the finding of the jury, the sale was before the passage of that Act,—" about the middle of the summer of 1886," and whether drawn under the one or the other, it is fatally defective, for the reasons stated in *State* v. *Hazell*, *ante* 471.

Upon this ground, there would have been no error in arresting the judgment.

Affirmed.