·THE STATE v. J. M. DALTON. ·

*Liquor   Selling—Druggists—Indictment—Negative   Averments.*

1. The principle enunciated in *State* v. *Wray*, 72 N. C., 253, which
   · exempts from criminal prosecution a druggist who, in good faith, ·
   and upon the prescription of a physician, sells liquors without a
   license, *as medicine,* will not be extended to a "liquor dealer,"
   although the latter may make such sale upon representations and
   honestly believing that the liquors are to be used for medicinal
   purposes.
2. Indictments under the Revenue Acts of 1885 and 1887 for selling
   liquors in quantities greater than one quart, should negative the
   facts that the liquors were of the defendant's own manufacture,
   and were sold at the place of manufacture, or were the product
   of his own farm.

INDICTMENT for selling liquors without license, tried before
*MacRae, J.,* at Spring Term, 1888, of the Superior Court of
MACON County.

The indictment contained three counts:

1. The first charged the defendant with unlawfully selling
and retailing spirituous liquors to Joseph Beasley, by meas-
ure less than a quart, to-wit: by the *pint,* not having a
license, &c.

2. The second charged the unlawful selling, &c., to Joseph
Beasley, by a measure less than a gallon, to-wit: by the *quart,*
not having a license, &c.

3. And the third charged the unlawful selling, &c., to
Joseph Beasley, by a measure less than five gallons, to-wit:
by the *gallon,* not having a license, &c.

The indictment was found by the Grand Jury at Fall
Term, 1887.

" Before the jury was empaneled the defendant moved to
quash the indictment for want of jurisdiction, upon the
ground that under the Revenue Act of 1887, §§ 31 and 35,

the jurisdiction was in the Court of a Justice of the Peace."
Motion denied, the Court holding that the defendant might
have the benefit of this point under the plea of not guilty.
Defendant excepted.

J. Beasley, witness for the State, testified that " he bought
whiskey from the defendant in January or February, 1887,
a quart each time. Defendant keeps a regular place of
sale—a grocery. About the last of January or first of Feb-
ruary, 1887, was the first time witness bought whiskey of
defendant. After that he bought again, both times a quart.
Witness bought whiskey from defendant on a physician's
certificate for his sick wife. Defendant is not a druggist."

Counsel for defendant asked the Court to charge the jury
that, if the defendant sold the whiskey in good faith for
medicinal purposes, on a prescription of a physician, he was
not guilty. This was declined, and defendant excepted.

The Court charged the jury that if defendant sold whiskey
to the witness as alleged, at a time more than six months
before the finding of the bill, the Court would have juris-
diction, but if the sale took place within six months before
the finding of the bill, this Court would not have jurisdic-
tion. Defendant excepted.

The Court further instructed the jury, that the defendant
not being a druggist, could not sell by the quart without
a license, even upon a physician's prescription. Defendant
excepted.

There was a verdict of guilty, judgment, and appeal.

*Attorney General,* for the State.
*Mr. Kope Elias,* for the defendant.

DAVIS, J. (after stating the case.) The only evidence as
to the time when the alleged offence was committed, shows
that it was in January or February, 1887, before the enact-
ment of chapter 135 of the Laws of 1887, which was March

7th, 1887, but so far as it relates to the offence charged in the indictment, it is immaterial whether it occurred under ch. 175, § 34, of the Acts of 1885, or ch. 135, § 35, of the Acts of 1887, as they do not differ in r. spect to the matters charged in the indictment. The slight changes made in the former by the latter in no way affect the penalties imposed, and as to them the latter does not repeal the former. *State* v. *Sutton*, 100 N. C., 474.

Whether under the act of 1885 or 1887, the punishment does not exceed a "fine of $50 or imprisonment for thirty days, and a Justice of the Peace had exclusive original jurisdiction" within six months after the commission of the offence." After six months the Superior Court might assume jurisdiction, if official cognizance had not been taken by a Justice of the Peace, and the ruling of his Honor upon the question of jurisdiction was correct. *The Code,* § 892.

This disposes of the defendant's exception to the refusal of his Honor to quash the indictment, and also of the exception to the charge in regard to the jurisdiction.

As to the questions involved in the exceptions to the refusal of the Court to charge as requested in regard to the sale for medicinal purposes upon the prescription of a physician, and to the charge in relation thereto as given, there has been some conflict in judicial decisions; but in the late case of *The State* v. *McBrayer*, 98 N. C., 619, MERRIMON, J., delivering the opinion of the Court, in commenting on the case of *The State* v. *Wray*, 72 N. C., 253, relied on by counsel for defendant, said that case " went to the extreme limit of the power of interpretation ;" and much stress, in *State* v. *Wray,* was laid upon the fact that the sale was not only upon the prescription of a physician, but was made by a druggist, whose business it was to sell medicine upon prescriptions, and though in conflict with a *dictum* in *State* v. *Wool*, 86 N. C., 708, this Court will not go, by construction or interpreta-

tion, beyond the ruling in *State* v. *Wray*. To do so would tend to impair the force of the statute, weaken its restraining power, and often to defeat the legislative will, by rendering evasions and violations ef the law easy. It is not pretended that defendant kept whiskey for sale as a medicine, as druggists do, and for which they are required to pay a license. Tax Acts of 1887, ch. 135, § 21. This disposes of the other exceptions.

We think it proper to call attention to the omission in the second and third counts of the indictment to negative the facts that the spirits sold were of the defendant's own manufacture, and sold at the place of manufacture, or the product of his own farm, as was properly done in *State* v. *Whissenhunt*, 98 N. C., 682, and which should be done. *State* v. *Stamey,* 71 N. C., 202; *State* v. *Miller*, 7 Ired., 275; *State* v. *Loftin*, 2 D. & B., 31; *State* v. *Hazell*, 100 N. C., 471; *State* v. *Sutton,* Ibid., 474.

This objection does not apply to the first count, which is good, and the verdict being a general one, it is sufficient if any one of the counts is good.

There is no error.                Affirmed.