### STATE v. BURTON.

(Filed March 21, 1905.)

*Indictments—Provisos—Vinous Liquors—Time as Essence of Offense—Objection to Venue—How Taken.*

1. An indictment charging the defendant with violating an act forbidding the sale or manufacture of vinous liquors in a certain county, section 1 thereof concluding with a proviso that the act shall not apply to wine or cider manufactured from fruit raised on the lands of the person manufacturing same, need not aver that the liquors sold were not manufactured from fruit raised on the lands of the defendant, and a motion to quash for that no such averment was made, was properly denied.

2. There are two kinds of provisos—the one, in the nature of an exception, which withdraws the case provided for from the operation of the act; the other, adding a qualification whereby a case is brought within that operation. When the proviso is of the first kind, it is not necessary in an indictment to negative the proviso, it is left to the defendant to show that fact by way of defense. But in a proviso of the latter description, the indictment must bring the case within the proviso.

3. In an indictment for selling liquor without license, a demurrer to the evidence on the ground that it was not shown upon what day, in August preceding, the sale was made, was properly overruled, as time was not of the essence of the offense.

4. Under section 1194 of The Code, an objection to venue must be taken by plea in abatement, and a demurrer to the evidence on this ground was properly overruled.

Indictment against Joel Burton, heard by *Judge M. H. Justice* and a jury, at the January Term, 1905, of the Superior Court of Duplin County. From a verdict of guilty and judgment thereon, the defendant appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*Kerr & Gavin* for the defendant.

Connor, J. The defendant was charged with violating Chapter 347, Public Laws 1901, forbidding the sale or manufacture of spirituous, vinous or malt liquors in Duplin County. Section 1 of the Act concludes: "*Provided:* That this Act shall not be so construed as to apply to wine or cider manufactured from grapes, berries or fruit raised on the lands of the person so manufacturing the same." The Bill of Indictment charged the sale of vinous liquors. It contained no averment that the liquors sold were not manufactured from grapes raised on the lands of the defendant.

Defendant made a motion to quash, for that no such averment was made. Motion denied—defendant excepted. His Honor properly denied the motion. The principle is well stated by *Henderson, C. J.,* in *State v. Norman,* 13 N. C., 222, "We find in the Act of our Legislature two kinds of provisos—the one, in the nature of an exception, which withdraws the case provided for from the operation of the Act; the other, adding a qualification whereby a case is brought within that operation. When the proviso is of the first kind, it is not necessary in an indictment or other charge founded

·upon the Act to negative the proviso, it is left to the defend-
ant to show that fact by way of defense. But in a proviso
of the latter description, the indictment must bring the case
within the proviso." In *Norman's case* the act defining and
fixing the punishment for bigamy contained in the same
*section* the *proviso*. *Ashe, J.*, in *State v. Heaton*, 81 N. C.,
542, says: "It is a well established principle that if there
be an exception contained in a clause of the Act which creates
the offense, the indictment must show negatively that the
subject of the indictment does not come within the excep-
tion, but when the exception or proviso is in a subsequent
clause of the statute, as in this case, it is a matter of defense
for the defendant and need not be negatived in the pleading."
The defendant presses upon our attention the language of
*Davis, J.*, in *State v. Hazell*, 100 N. C., 471. It is only sug-
gested therein that the indictment should contain the negative
averment. The language of the statute under which the indict-
ment was drawn was different from that under consideration
—in any event, the case does not decide the point. The de-
fendant misconstrues the words, "same clause," used in many
of the opinions, by giving to it the same signification as
same section. The line separating the two classes of cases is
not made dependent upon the mere location of the excepting
language, but is dependent upon its office in describing the of-
fense. This is illustrated in *State v. Holder*, 133 N. C., 713.
The indictment did not negative the fact that defendant had a
license. This was a fatal defect because the statute defines
the offense to be "retailing without license." As in *State v.
Krider*, 78 N. C., 841, an indictment charging the larceny
of fish was held defective for that it did not charge that they
had been reclaimed and were valuable for food, etc.,—these
words being an essential part of the statutory description of
the offense. The principle is applied in *State v. Liles*, 78 N.
C., 496.

A large number of cases are to be found in our Reports

sustaining the ruling of His Honor.  The defendant pleaded
not guilty.  The State introduced one Lanier, who testified
that he purchased wine from defendant several times during
the year 1904—sometime in August—paid for it, etc.  The
defendant demurred to the evidence.  The court overruled
the demurrer and defendant excepted.  The court charged the
jury that it devolved upon the State to satisfy them beyond
a reasonable doubt that defendant sold witness vinous liquors
within two years before the finding of the bill, for gain, in
Duplin County.  Defendant excepted—verdict of guilty.
From a judgment upon the verdict, defendant appealed.

The grounds of the demurrer are: 1st. That it was not
shown upon what day in August the sale was made.  There
is no merit in the point.  Time is not of the essence of the
offense.  *State v. Jones*, 80 N. C., 415.  2nd.  That it did
not appear that the sale was in Dupin County.  Code, section
1194, expressly provides that this objection must be taken by
plea in abatement.  *State v. Holder,* 133 N. C., 709.  The
authorities are uniform and fully sustain His Honor's ruling.
The objection that there was no evidence that the offense was
committed in the State cannot be sustained on the demurrer
to the evidence, or the request to charge that the burden was
on the State.  It is open to the defendant to show it, if he
can, upon the plea of not guilty.  *State v. Mitchell,* 83 N. C.,
674.  The court expressly left the question to the jury
whether the defendant sold "vinous liquors."  *State v. Scott,*
116 N. C., 1012.  We have examined the record and de-
fendant's brief and find

No Error.