WALKER, J., concurring; CLARK, C. J., dissenting. *Page 306 
It is unnecessary to consider any of the exceptions taken by the defendant on the trial, as his exception to the bill of indictment is well taken, and the motion to arrest the judgment must be allowed. The first count charges the unlawful sale of liquor, without a license, to some person to the jurors unknown, in violation of the general law. The second count charges the unlawful sale to some person to the jurors unknown, within territory wherein the sale of liquor is wholly prohibited by law. The third count is as follows: "The jurors aforesaid, upon their oaths aforesaid, do further present: That the said Nathan Tisdale, late of the county of Craven, on 20 September, 1906, unlawfully and willfully did engage in and carry on the business of retail liquor dealer, by selling spirituous and malt liquors to divers (423) persons in the city of New Bern, said city of New Bern being an incorporated town, where the sale of spirituous and malt liquors is forbidden by law, and where the majority of the qualified voters of said city had voted against the sale of spirituous, vinous, and malt liquors in said city and for prohibition, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State." The State entered a nol. pros. as to the first and second counts. The court below overruled defendant's motion as to the insufficiency of the third count, and the defendant was tried and convicted upon that count alone.
This count does not charge the defendant with a sale of liquor to any specific person by name, nor does it charge a sale to any person whose name is unknown to the jurors. It charges that the defendant did engage in and carry on the general business of a retail liquor dealer in the city of New Bern, where the sale of liquor is prohibited by law.
The learned counsel for the State rely upon section 2060 of the Revisal to sustain the bill. This section provides that the possession or issuance to any person of a license to manufacture, rectify, or sell, at wholesale or retail, spirituous or malt liquors by the United States Government or any officer thereof in any county, city, or town, where the manufacture, sale, or rectification of spirituous or malt liquors is forbidden by the laws of the State, shall be prima facie evidence that *Page 307 
the person having such license, or to whom the same was issued, is guilty of doing the act permitted by the said license, in violation of the laws of this State. There is nothing in it, or any other statute to which our attention has been called, or which we have been able to find, which supports the contention of the State. It is evidence the General Assembly never thought it necessary to create any such specific offense as carrying on the general business of retailing liquor in territory where its sale is entirely forbidden. In such territory liquor is a (424) contraband, and the sale of it is a secret transaction. The bill of indictment may charge a sale to some person by name, or to some person unknown to the jurors. It must charge one or the other. S. v. Stamey,71 N.C. 202. In an indictment for the unlawful sale of liquor it is not sufficient to charge the defendant generally with the offense of illegal selling. The facts constituting the offense must be set forth. S. v.Faucett, 20 N.C. 239. "Every necessary ingredient in the offense must be set forth," says Judge Daniel for the Court, in that case, and he then proceeds to state the exceptions to the rule, viz., indictments against a common barrator, a common scold, for keeping a common gambling house or bawdy-house.
In S. v. Stamey the identical point is decided, as it was in S. v.Faucett, both being indictments for selling liquor. In S. v. Blythe, decided in 1835, the question seems to have been first presented to this Court. It is there held, in an opinion by Chief Justice Ruffin, that the indictment was defective because the names of the slaves to whom the liquor was sold were not set out in the bill. The learned Chief Justice says: "Every indictment ought to have convenient certainty as to time, place, and persons, and give to the accused reasonable notice of the specific facts charged on him, so that he may have an opportunity of defending himself. Here the indictment conveys no information of that sort."
The same principle of criminal pleading is set forth in S. v. Ritchie,19 N.C. 29. The Stanley case is cited with approval in S. v. Pickens,79 N.C. 654; S. v. Miller, 93 N.C. 516; S. v. Foy, 98 N.C. 746;S. v. Hazell, 100 N.C. 474; S. v. Dalton, 101 N.C. 683; S. v. Farmer,104 N.C. 889; S. v. Gibson, 121 N.C. 681. This rule of criminal pleading is recognized by the common law, and is founded upon a just regard for the rights of persons charged with crime. Archb. Crim. Prac., 41, 42. It is not a technical refinement of the law. Had it been, it would have long since been discarded and would never (425) have survived up to 1897, when the last opinion citing Stamey'scase was written by the present Chief Justice.
The reason for setting forth the name of the person to whom the liquor is sold is because each sale constitutes a distinct offense, for which the offender may be punished. When the name of the vendee of the *Page 308 
liquor is given, the particular transaction on which the indictment is founded is identified. The accused then has notice of the specific charge, and may have the benefit of the first acquittal or conviction if accused a second time of the same offense.
Judgment arrested.