## THE STATE v. LYONS.

One who *sells* spirituous and intoxicating liquor to a slave, will be liable to the penalties imposed by the stat. of 2 April, 1832, though the slave was hired to him at the time. *Aliter*, where the liquor was not *sold*, but *given*.

A caption to an indictment is not required by the laws of this State.

It is no objection to an indictment for an offence created by statute, that it does not aver that the accused was not embraced within the terms of the proviso. What comes by way of a proviso in a statue must be urged by way of defence by the accused; otherwise, where the exceptions are in the enacting part of the law, when it must appear in the charge that the accused does not fall within any of them.

A PPEAL from the District Court of Lafourche Interior, *Randall, J. Cole,* District Attorney, for the State. *Beatty,* for the appellant. The judgment of the court was pronounced by

KING, J. The defendant was convicted of selling spirituous and intoxicating liquor to a slave in contravention of the act of 1832, and from the judgment rendered against her has appealed. On the trial of the cause the defendant's counsel asked the judge to instruct the jury, that if the slave was hired to the the defendant by a person authorized to hire him at the time the liquor is alleged to have been sold to him, they should render a verdict of acquittal. The judge refused to give this charge, and the defendant's counsel excepted. The judge did not, in our opinion, err. Persons who *give* liquor to slaves, under their control by a contract of hiring, are expressly exempted from the penalties of the statute by one of the provisions. The evident intention of the legislature was to permit owners and others to *give* ardent spirits to their own slaves, or to slaves in their service by hire; those relations being considered a sufficient guaranty for their prudent and moderate use. But the prohibition of *selling* extends to the lessee of a slave. No charge was asked in relation to *giving.*

The defendant's counsel has assigned as errors: 1st. That it does not appear from the record that the grand jury were sworn in the parish of Lafourche Interior, or at the term of the court when the bill was found; that the words "then and there sworn," essential to the caption of an indictment, are omitted. 2d. That the indictment is defective, inasmuch as it contains no averment that the defendant was not within the terms of the proviso of the act.

1. The record shows distinctly that the grand jury were sworn in the parish of Lafourche Interior, and at the term of the court at which the bill was found. A caption to an indictment is not necessary under our system, and none has accompanied the record in the present instance. It may further be observed that, it has ceased to be deemed essential to the validity of a caption, to prefix the words "then and there" to the word "sworn." 1 Chitty C. L. 334, 662. *State v. Peterson,* 2 Ann. Rep. 921. 8 Rob. 598.

The second objection is equally untenable. In the case of *The King v. Jarvis,* Lord Mansfield said: "It is a known distinction that what comes by way of proviso in a statute, must be insisted on by way of defence by the party accused; but where exceptions are in the enacting part of a law, it must appear in the charge that the defendant does not fall within any of them." See the case reported in 1 East's Rep. 643, 646. Also *The King v. Stone,* at the same pages. 2 Hale's P. C. 170. 1 Chitty C. L. 283.

Other errors were also assigned, but have not been insisted on in the argument.      *Judgment affirmed.*