STATE v. WILEY TOMLINSON and others.

*Indictment—Navigable Streams—Obstructions.*

1.  Upon an indictment charging that the defendants did "unlawfully and·
    wilfully fell trees and, place obstructions in the mill race below the mill
    of F, the same being a natural passage for water but not navigable for
    rafts, &c., whereby the natural flow of water through said race was re-
    tarded, &c. ;" *Held*,

    (1.) That as the obstructions were placed below the mill, the offence
    charged was not a violation of Bat. Rev. ch. 32, § 110 ;

    (2.) That as the indictment does not contain an averment that the ob-
    structions were not put in the race "for the purpose of utilizing the
    water as a motive power," it is fatally defective under Bat. Rev. ch.
    32, § 154.

2.  An indictment should negative an exception contained in the same
    clause of the Act creating the offence.

        (*State* v. *Norman*, 2 Dev. 222, cited and approved.)

INDICTMENT for a Misdemeanor tried at Spring Term, 1877,
of WILSON Superior Court, before *Moore, J.*

The defendants, Wiley, Frank, John and Buck Tomlinson
were indicted as follows :

"The jurors, &c., present, that (defendants) did  *  *  un-
lawfully and wilfully fell trees and place obstructions in the
mill race below the mill of one C. F. Finch, the same being
a natural passage for water, but not navigable for flats or
rafts, whereby the natural flow of water through said mill
race was retarded, contrary, &c." Upon motion of defend-
ants' counsel His Honor quashed the bill of indictment, and
*Moore,* Solicitor for the State, appealed.

*Attorney General,* for the State.
Mr. *Hugh F. Murray,* for the defendants, submitted :
It is not indictable to obstruct an unnavigable *natural*

water course. *State* v. *Pool*, 74 N. C. 402. The statute, Bat. Rev. ch. 32, § 110, refers to *artificial* water courses *above* the dam, while this indictment is for obstructing a *natural* water course *below* the dam. Penal statutes must be strictly construed.

FAIRCLOTH, J. The bill of indictment cannot be held to embrace the offence denounced in Bat. Rev. ch. 32, §110, which provides against obstructions to the modes of furnishing water for the operation of mills, &c., because by its express terms the obstruction is located "in the mill race below the mill." It was no doubt drawn in view of § 154 of said chapter, but it is fatally defective under that section, inasmuch as it fails to aver that said obstructions were not put in the race "for the purpose of utilizing water as a motive power," or words of the same import. "If there be any exception contained in the same clause of the Act which creates the offence, the indictment must show negatively that the defendant, or the subject of the indictment does not come within the exception." Archbold Cr. Pl. 25 ; *State* v. *Norman*, 2 Dev. 222.

Let it be certified that there was no error in the order quashing the indictment to the end that the defendants may be discharged.

PER CURIAM.                    Judgment affirmed