## STATE v. JAMES HEATON.

### *Indictment, form of.*

1. Defendant was indicted under a statute which made it his duty to collect a state tax of one dollar on every mortgage given to secure a sum in excess of three hundred dollars, and rendered it an act of em-

bezzlement to appropriate such tax to the collector's own use; *Held*, that the indictment is sufficient if it aver that the defendant, by virtue of his office, collected one dollar as a tax due the state on a certain mortgage deed, described in the indictment, which said sum was the property of the state, and thereafter converted the same to his own use. It need not aver any more explicitly that the mortgage was given to secure a greater sum than three hundred dollars.

2. If there be an exception in that clause of a statute which creates an offence, the indictment should contain a negative averment that the subject of the charge is not embraced by the exception; but when the exception *or proviso* is in a subsequent clause of the statute, it is a matter of defence, and need not be negatived in the pleading.

(*State* v. *Baldwin*, 1 Dev. & Bat., 195; *State* v. *Smith*, 1 Murp., 213; *State* v. *Jeffreys*, Conf. Rep., 364; *State* v. *Fore*, 1 Ire., 378, cited and approved.)

INDICTMENT for Embezzlement tried at April Term, 1879, of NEW HANOVER Criminal Court, before *Meares, J.*

After charging the election and qualification of the defendant as clerk of the superior court of New Hanover county, the indictment further charged that he by virtue of his office and in pursuance of an act of the general assembly ratified on the 10th of March, 1877, received and collected from one Alexander Oldham the sum of one dollar on a certain mortgage deed as a tax due to the state of North Carolina, which said sum of one dollar was the property of and for the use of the said state of North Carolina, being a tax as aforesaid, which said sum of one dollar with force and arms the said James Heaton on the day and date aforesaid in the county aforesaid did wilfully, knowingly, corruptly, falsely and fraudulently convert and appropriate to his own use, contrary to the form of the statute entitled "an act to raise revenue," ratified the 10th day of March, 1877, and against the peace and dignity of the state. Upon motion of defendant's counsel, the court quashed the bill for the causes set out in the opinion of this court, and *Moore*, solicitor for the state, appealed.

*Attorney General*, for the State.

No counsel in this court for defendant.

ASHE, J. The defendant being the clerk of the superior court of New Hanover county, and *ex-officio* judge of probate, was indicted at the August term, 1878, of the criminal court of said county for embezzlement. The indictment was founded on the fifth and eighth sections of chapter 156 of the acts of 1876–'77.

The fifth section reads: " On each marriage license, one dollar, and on each marriage contract, mortgage deed and deed in trust to secure creditors where amount secured exceeds three hundred dollars there shall be a tax of one dollar ; the tax on marriage licenses shall be paid to the register of deeds when he issues the license, and the tax on the deeds to the judge of probate in the county in which the instrument is admitted to registration," &c. To this section, there is a *proviso* in a separate clause : "That mortgage deeds, deeds in trust, or other conveyances made to secure agricultural advancements shall not be subject to any tax under this section, and no tax shall be collected by any clerk of a superior court as a tax on suits either for the state or county."

The eighth section provides that "any officer convicted of violating the preceding sections, or of appropriating to his own use, any state, county, school, city or town taxes, shall be guilty of embezzlement and may be punished not exceeding five years in the state prison at the discretion of the court.

The indictment charges that the defendant being clerk of the superior court of New Hanover, by virtue of his said office, received and collected from one Oldham the sum of one dollar on a certain mortgage deed as a tax due the state of North Carolina, which said sum of one dollar was the property of, and for the use of the said state of North Carolina, being a tax as aforesaid, which said sum of one dollar,

with force and arms, the said James Heaton on the day and year aforesaid did wilfully, knowingly, corruptly, falsely and fraudulently convert and appropriate to his own use, contrary to the form of the statute, entitled an act to raise revenue, ratified the 10th day of March, 1877.

The counsel for the defendant moved to quash the bill of indictment for the following reasons:

1. That the aforesaid fifth section only applies to mortgage deeds intended to secure an amount in excess of three hundred dollars, and the bill of indictment fails to charge that this was a deed of mortgage securing an amount in excess of three hundred dollars.

2. That the *proviso* of the said fifth section exempts from this tax all deeds of mortgage made to secure agricultural advancements, and that the bill of indictment fails to negative this deed as an agricultural mortgage.

His Honor sustained the motion to quash, and the solicitor for the state appealed to this court.

1. Quashing indictments is not favored; and although the courts have the power to quash upon motion of the defendant before plea, it is purely a discretionary one and is not usually exercised unless where the defect is gross and apparent; and not then, where the offence is a felony, or other heinous offences, such as cheats, extortion and public nuisances. Arch. Cr. Pl., 66; *State* v. *Baldwin*, 1 Dev. & Bat., 195; *State* v. *Jeffreys*, Conf. Rep., 364. In cases of doubt they should not quash because the defendant, if convicted upon the facts charged, can have the same advantage of legal points upon a motion in arrest of judgment as upon a motion to quash. *State* v. *Smith*, 1 Murp., 213. And on the other hand, judgment will not be arrested by reason of any informality or refinement, if in the bill sufficient matter appears to enable the court to proceed to judgment. Bat. Rev., ch. 33, § 60.

The indictment in this case is informally drawn, and

would be more regular if it had charged that the defendant received and collected a tax of one dollar on a mortgage deed given to secure an amount in excess of three hundred dollars; for the two sections having to be taken together to constitute the offence, the words " where the amount secured exceeds three hundred dollars" form a part of the description of the offence. It is safe but not essential to pursue the words of a statute. But if they are substantially followed or words of equivalent import are used, it is sufficient. 1 Bish. Cr. Pro., § 359; Chitty Cr. Law, 283.

· In *State* v. *McKenzie*, 42 Me., 392, and *Com.* v. *Hampton*, 3 Gratt., 590, it was held that the indictment must state all the circumstances which constitute the definition of the offence in the statute, so as to bring the defendant precisely within it.

In *State* v. *Little*, 1 Vt., 331, it was decided that an indictment need not adopt the very words of a statute, the substance to a reasonable intendment is sufficient.

In *Page* v. *The State*, 3 Ohio St. Rep., 229, it was held that it was not always necessary to describe the offence in the very words of the statute.

And in *State* v. *Fore*, 1 Ire., 378, it has been held that an indictment ought to be certain to every intent and without any intendment to the contrary; but if the sense be clear and the charge sufficiently explicit to support itself, nice objections ought not to be regarded.

We are aware that many of the English decisions which adhere to the niceties and refinements of the common law, are in conflict with those we have cited, which are supported by many other American cases of like import; but we have followed the latter because they are in harmony with the policy of our law as indicated by the act of 1811 and other statutes. And it is upon these authorities we are of the opinion that the decision of His Honor in quashing the indictment for the reason first assigned, is erroneous. Con-

ceding that it was necessary to aver that the tax received was upon a mortgage deed to secure creditors where the amount secured exceeded three hundred dollars, we think that fact is substantially charged in the bill, so explicitly as to admit of no intendment of the contrary, when it is averred that the defendant received the sum of one dollar on a certain mortgage deed, as a tax due the state, which sum of one dollar was the property of and for the use of the state, being a tax, &c. These words exclude any inference that the dollar was received on a mortgage deed not taxed, and as conclusively and explicitly convey the idea that it was received on a mortgage subject to a tax, as if it had been charged in the very words of the statute. It is alleged to be a tax on a mortgage deed, the tax when received was the property of and for the use of the state. There was no tax on any other mortgage deed. Had the money been received on a mortgage to secure an amount of less value than three hundred dollars, it would not have been a tax, nor the property of the state. It follows then without any intendment to the contrary, that the money received was a tax on a mortgage deed given to secure an amount in excess of three hundred dollars.

2. We think His Honor was equally in error in quashing the indictment for the second reason assigned; for it is a well established principle that if there be an exception contained in a clause of the act which creates the offence, the indictment must show negatively that the subject of the indictment does not come within the exception; but when the exception or *proviso* is in a subsequent clause of the statute, as in this case, it is matter of defence for the defendant and need not be negatived in the pleading. Arch. Cr. Pl., 53; 1 Bish. Cr. Pro., §§ 381, 382; Chitty Cr. Law, 283. We are of opinion that sufficient matter appears in this indictment to enable the court to proceed to judgment, and therefore,

that it should not have been quashed. There is error. Let this be certified.

Error. Reversed.