The opinion of the court was delivered by
Manning, C. J.
The defendant was convicted of bigamy, and was sentenced to pay a fine of five hundred dollars and to be imprisoned in the parish jail two years, from which he appeals. The case comes up on several bills of exception, and a motion in arrest of judgment.
A certified copy of the license for the defendant’s first marriage in Alabama, and of its celebration, was received in evidence. It was authenticated by the clerk of the court, as a copy from the records of his office, and this clerk is also the judge of that court. He certifies that fact as well as the copy, and as judge, declared the attestation was *692 in due form, and affixed the seal of the court. The authentication was complete. Paget v. Curtis, 15 Annual, 451.
The objection that a copy of the record was inadmissible because a copy of the original paper was alone receivable in evidence has been disposed of in Smith v. McWaters, 7 Annual, 145 and West Feliciana R, R. v. Thornton, 12 Annual, 736.
One of the witnesses was asked whether the first wife was then living, and answered that she knew it by common report. It is of no consequence whether she was living at the time of the trial. If she were living at the time of the second marriage, that is the essential matter as to time, and the jury so found. We assume there was evidence to justify it.
The proof of the defendant’s letters to his first wife was made by comparison of handwriting. We have only to. deal with the mode of proof, and the law justifies it. The sufficiency of the proof was a matter for the jury; One of them bears date subsequent to the second marriage.
The judge’s charge is complained of. He spoke to the jury of the sanctity of marriage, of the reprehensible facility with which divorces are obtained in some States, of the disfavor with which our law looks upon the frivolous pretexts that are made the basis of judgments of ■divorce, and much more of the same tenour. We are inclined to think that much of this might have been omitted without prejudice to the interests of society, but we are not prepared to say that it was such serious error as to call for a reversal of the judgment, and setting aside the verdict. It was not error in law, and was not a comment upon the facts.
The questions presented by the remaining bills are more serious.
The information recites that the commission of the crime was in date more than a year before its filing, and avers that it had not been made known to any public officer having authority to direct an investigation or prosecution until within one year immediately preceding the filing — that the first wife, being alive, had not absented herself from the defendant for five years, and had not been divorced from him, and that the first marriage had not been declared void by the sentence of any court of competent authority.
The prisoner prayed the court to charge the jury that the facts which suspend prescription must be set forth in the information, and that the prosecution must prove them. The charge was refused, the judge saying that it was necessary to allege them, but not necessary to prove them on the trial. He was also asked to charge that the information must on its face negative that prescription had run against it, and that this negation must be proved, and he refused the charge that *693 such proof was necessary. The further charge was prayed that the prosecution must prove that there had been no divorce — no separation between the spouses for five years — and that the first marriage had not been declared void by a competent court — that neither the information, nor the statutes “ set out any excuses ” for the defendant to commit the crime, and that he cannot be required to prove that he comes within those “ excuses,” but that the State must prove that he does not come within any of them — nil of which charges were refused.
In our statutes, a crime is usually denounced by name, and we-resort to the common law to ascertain what is the legal definition of the crime thus denounced. Eor example — whoever shall commit the crime •of murder shall be punished in such way — and we ascertain from the ■common law what is murder. The crime of bigamy is not thus treated. The statute reads thus If any married person shall marry, the former husband or wife being alive, the one so offending shall, on conviction, pay a fine not exceeding five hundred dollars, and be imprisoned not exceeding two years.
The provisions of this section shall not extend to any person whose husband or wife shall absent himself or herself from the other for the space of five years, the one not knowing the other to be living within that time; nor to any person who shall be at the time of such marriage divorced by competent authority, nor to any person whose former marriage, by sentence of competent authority, shall have been declared void. Rev. Stats, sec. 800.
Lord Mansfield said in Rex v. Javois, 1 East, 643; — it is a known distinction that what comes by way of proviso in a statute must be •insisted on, by way of defence, by the party accused; but where exceptions are in the enacting part of a law, it must appear in the charge that the defendant does not fall within any of them.
It must therefore be insisted on, by way of defence, that this party .accused comes within one of the provisos of this statute, and he must prove that his wife had absented herself from him for five years, he not knowing that she was alive within that time; or that they had been divorced by competent authority ; or that their marriage had been declared void by competent authority. It was so held in State v. Lyons, 3 Annual 154, and in Fleming v. People, 27 N. Y. 329. The rule is thus stated in an approved work; — Where, in a statute, an exception or proviso qualifies the description of the offence, the general rule is that the indictment should negative the exception or proviso. In such ■cases, when the subject of the exception relates to the defendant personally, or is peculiarly within his knowledge, the negative is not to be proved by the prosecutor, but on the contrary the affirmative must be proved by the defendant as matter of defence. But on the other hand, *694 if the subject of the averment do not relate personally to the defendant, or be not peculiarly within his knowledge, but either relate personally to the prosecutor, or be peculiarly within his knowledge, or be at. least as much within his knowledge as within the knowledge of the-defendant, the prosecutor must prove the negative. Wharton Crim. Law, l 614. It is tersely stated by Greenleaf; — but when the subject matter of a negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true, unless disproved by that party. 1 Evidence § 79.
The contrary -was ruled by Wightman J. in Reg. v. Heaton, 3 Foster & Finlason, 819, where he said — the burden of proof, that a person ‘ charged with bigamy has not been continually absent from the wife for seven years, and that she was not known to him to be living within that time, is on the prosecution and not on the prisoner, for how can he prove the negative that he did not know. But this was at Nisi Prius, where he alone was presiding, and in Reg. v. Ellis, 1 F. & F. 309, also at Nisi Prius, Willis J. said ; — whether evidence is necessary on the part of the-' prosecution to shew that the prisoner married, knowing his first wife to be alive, depends upon the particular facts of each case. The rule, that the onus of proof in such cases is on the defendant, is better supported-' by authority, as will be seen by an examination of the decisions fortifying Wharton and Greenleaf m locis citatis.
The other question presents more difficulty. The lower court is-stated in the bill as ruling that, although the circumstance that suspends prescription, i. e. want of knowledge of the commission of the offence by a public officer having authority to investigate it, must be-alleged, yet it need not be proved. If by this is meant that nobody need prove it, the charge is clearly-wrong, but we construe it as meaning, that the State is not required to make the proof. Confessedly, more-than a year had elapsed from the commission of the offence before the filing of the information, and prima facie, prosecution for it was barred.. For that reason the averment was made that knowledge of it had not been brought to an officer having the power to prosecute.
Ordinarily, a negative averment has not to be proved, and often canDOt be. The negation is not susceptible of proof, other than by proof of the affirmative fact which is denied. The negation here is, that knowledge of the crime was not brought to a public officer of' requisite authority. The proof must be of the affirmative fact that such knowledge was thus brought to him. Upon whom is the onus ?
It must rest on the party who can most conveniently and most. certainly make the proof. Now an affirmative can more certainly, naturally, and logically be proved than a negative. If the onus is outlie State, then it must prove that knowledge was not brought to any of' *695 its officers who had authority to investigate the crime. It must prove a universal negative. If the onus is on the defendant, he need only prove that knowledge was brought to one of such officers. He need only prove a particular affirmative.
This is not in conflict with State v. Walters, 16 Annual, 400, nor Morrison’s case, 31 Annual, 211. The former held that the State must prove that the offence had been committed within the period fixed by the statute of limitation, which is unquestionably true. The latter held that when a prisoner is indicted for an imprescriptible offence, and is convicted of a prescriptible one, the conviction will not be sustained unless the State shews a previous indictment within the prescriptible time, or cause why such indictment was not found.
The information in the present case expressly alleges that the sole offence charged in it would have been prescribed, but for an absence or omission of a particular fact or circumstance which by law suspended prescription. The defendant must prove that such fact or circumstance existed affirmatively, whereby the prosecution is barred. This proof was not made. Therefore
The judgment of the lower court is affirmed.