### STATE v. JERE LANIER.

*Indictment—Embezzlement.*

1. Where an exception is contained in the same clause of the act creating the offence, the indictment must show, negatively, that the defendant does not come within the exception.

2. Hence, an indictment for embezzlement under Bat. Rev., ch. 32, § 16, must aver that the defendant is not an apprentice or within the age of eighteen years; and if drawn under section 136 of same chapter, it must be averred that he is not an apprentice or under the age of sixteen years.   Tha latter act makes the offence a felony, punishable as in case of larceny.

   (*State* v. *Heaton,* 81 N. C., 542, cited and approved).

INDICTMENT for embezzlement tried at February Term, 1883, of NEW HANOVER Criminal Court, before *Meares, J.*

The jurors, &c., present that Jere Lanier, &c., on the 17th day of September, 1882, with force and arms, &c., being then and there employed as a servant to Addie P. McClammy, by virtue of his said employment, did then and there and whilst employed as aforesaid, receive and take into his possession certain money, to a large amount, to-wit, to the amount of seven dollars and fifty cents, for and in the name of, and on the account of the said McClammy, his mistress and employer, and the said money then and there fraudulently and feloniously did embezzle; and so the jurors, &c., do say, that Lanier, in manner and form aforesaid, the said money, the property of his said mistress and employer, from the said McClammy, did steal, take and carry away, against the form of the statute, &c.

The facts stated in the case are not material to the point decided by this court. Verdict of guilty, motion in arrest of judgment, motion overruled, and the defendant appealed from the judgment pronounced.

*Attorney-General,* for the State.
No counsel for the defendant.

ASHE, J. There are two statutes in this state upon the subject of embezzlement. The one is to be found in Battle's Revisal, ch. 32, § 16, where the offence is made a misdemeanor, and the other, in section 136 of the same chapter, where it is made a felony. The latter is the act of 1871–'72, ch. 145, § 1, and in the following words:

"If any officer, agent, clerk or servant of any corporation, or any clerk, agent or servant of any person or corporation (except apprentices and other persons under the age of sixteen years) shall embezzle or fraudulently convert to his own use, or shall take, make way with, or secrete with intent to embezzle or fraudulently convert to his own use any money, goods or other chattels, bank-note, check or order for the payment of money, issued

by or drawn on any bank or other corporation, or any treasury warrant, treasury note, bond or obligation for the payment of money issued by the United States or by any state, or any other valuable security whatever, belonging to any other person or corporation, which shall have come into his possession or his care, by virtue of such office or employment, he shall be deemed guilty of felony, and upon conviction thereof shall be punished as in case of larceny."

The defendant's counsel moved in arrest of judgment upon several grounds, one of which was that the bill of indictment does not allege that the defendant is not within the age of eighteen years. The counsel evidently mistook the act under which the bill of indictment was intended to be drawn. It is section 16, chapter 32, in which the exception is made of persons under the age of·eighteen years; but the indictment is for a felony, and must therefore fall under section 136, and the exception there is of persons under sixteen years of age. But it can make no difference, for the indictment is defective, whether prepared under either act.

The rule is well established, if there be an exception contained in the same clause of the act which creates the offence, the indictment must show, negatively, that the defendant or the subject of the indictment does not come within the exception. Arch. Cr. Pl., 53; *State* v. *Heaton,* 81 N. C., 542. Far this defect in the indictment, the judgment should have been arrested.

As a new bill of indictment will perhaps be prepared against the defendant, we would suggest that the draftsman look somewhat particularly into the difference between our act of 1871–'72, and the act of 7th and 8th GEORGE IV., ch. 29, § 4, under which the indictment was framed, which was used as a precedent in this case. The English statute declares embezzlement to be larceny, but ours only makes it a felony, punishable as larceny.

There is error in the refusal of the judge to grant the motion in arrest of judgment.

Error.                                                    Reversed.