STATE v. JOHN GEORGE, alias JOHN GREEN.

*Evidence—Confessions—Abduction—Indictment.*

1. The confessions of a party accused of crime, made voluntarily and without any inducement or threat, and after he has been cautioned, are admissible in evidence against him.

2. When a statute makes a particular act an offence, and describes it by terms having a definite meaning, it is sufficient to charge the act itself without its attending circumstances, in an indictment.

3. When a statute creating an offence contains provisos and exceptions in distinct clauses, it is not necessary in an indictment under the statute, to state that the defendant does not come within the exceptions, or to negative the provisos. It is only necessary to negative an exception or proviso when it is stated in the enacting clause.

4. In an indictment for abduction under §973 of The Code, the indictment need not state the means by which the abduction was accomplished, nor that it

was done without the consent and against the will of the father, nor that the defendant was not a nearer relation to the child than the person from whose custody it was abducted.

(*State* v. *Patterson*, 68 N. C., 292 ; *State* v. *Stanton*, 1 Ired., 424 ; *State* v. *McIntosh*, 92 N. C., 794 ; *State* v. *Liles*, 78 N. C., 496 ; *State* v. *Lanier*, 88 N. C., 658, cited and approved).

INDICTMENT tried before *Clark, Judge,* and a jury, at' September Criminal Term, 1885, of WAKE Superior Court.

The indictment was preferred under §973 of The Code, which is as follows, to-wit ; "Any one who shall abduct, or by any means induce any child under the age of fourteen years, who shall reside with the father, mother, uncle, aunt, or elder sister or brother, or shall be at a school, or be an orphan and reside with a guardian, to leave such person or school, shall be guilty of a crime, and on conviction, shall be fined or imprisoned at the discretion of the Court, or may be sentenced to the penitentiary for a period not exceeding fifteen years."

In the succeeding section, 974, which makes it criminal to conspire to abduct, &c., and subjects the offender to like imprisonment as in the preceding section, it is provided : " that no one who may be a nearer blood relation to the child than the persons named in said act, shall be indicted for either of said offences."

The indictment is in the following words : "The jurors for the State, upon their oath present, that on the 23d day of January, A. D. 1884, in the county of Wake, one Irene Pearson, then and there being a child of one H. I. Pearson, was residing with her said father, H. I. Pearson, and that then and there, while the said Irene Pearson was so residing with her said father, John George *alias* John Green, late of said county, wilfully and unlawfully did abduct the said Irene Pearson from, and induced her, the said Irene Pearson, to leave her father aforesaid, the said H. I. Pearson, she, the said Irene Pearson, then and there being under the age of fourteen years, against the form of the statute," &c.

On the trial, H. I. Pearson, the father of Irene Pearson, and a witness for the State, testified that in a conversation with the defendant, he, the defendant, commenced telling on himself, and witness cautioned him not to tell anything to convict himself, and said to him, "that he did not come there to get evidence to convict him, but he wanted to use him as a witness;" that he made him no promise, and thereupon the defendant admitted his taking his girl off, and that he did it; that prior to that time he had no information of the defendant's guilt.

This evidence of the admission of the defendant, was excepted to by his counsel, but the exception was overruled by the Court and the jury returned a verdict of "guilty."

The defendant moved in arrest of judgment upon the following grounds:

1. That the indictment did not state the means by which the said Irene Pearson was abducted.

2. That the indictment does not set forth that the abduction was done without the consent and against the will of her father, the said H. I. Pearson.

3. That it was not alleged in the indictment, that the defendant was not a nearer blood relation to the child than H. I. Pearson, her father, named in the bill of indictment.

The motion was overruled, and from the judgment pronounced on the verdict, the defendant appealed.

*Attorney General* and *Peele & Maynard* for the State.

*Messrs. J. C. L. Harris* and *A. M. Lewis & Son*, for the defendant.

ASHE, J., (after stating the facts). The exception to the admission of evidence of the confession of the defendant, was properly overruled. The testimony was clearly admissible. It was voluntary and without any inducement of *hope or fear*, and was made after he was cautioned by the witness Pearson not to tell anything to convict himself. The evidence would have been

admissible even if the defendant at the time of making the con-
fession had been in custody and charged with the crime.  *State*
v. *Patterson*, 68 N. C., 292.

.   The grounds assigned for the arrest of judgment ought not to
have been sustained.

It was necessary in the indictment to state the means by which
the abduction was affected.

The statute is broad and comprehensive in its terms, and em-
braces all means by which the child may be abducted from the
father, or the person having her in charge.  The crime is defined
in the statute by the term *abduction*, which is a term of well
known signification, and means in law, "the taking and carrying
away of a child, a ward, a wife, &c., either by fraud, persuasion
or open violence."   *Webster's Dictionary.*

The indictment strictly follows the words of the statute, and
that is laid down in all the authorities as the true and safe rule.
It is true there are some few exceptions, but we do not think
they embrace this case.  In the case *State* v. *Stanton*, 1 Ired.,
424, it is said by Chief-Justice RUFFIN, that "when a statute
makes a particular act an offence, and sufficiently describes it, by
terms having a definite and specific meaning, without specifying
the means of doing the act, it is enough to charge the act itself,
without its attendant circumstances.  Thus, upon a statute making
it a felony to endeavor to seduce a soldier from his duty, an in-
dictment is good, which charges such an endeavor, without stat-
ing the mode adopted," and to sustain his position he relied upon
the case of *Rex* v. *Fuller*, 1 Bos. & Pul., 180.  See also *State* v.
*McIntosh*, 92 N. C., 794, and the cases there cited, especially the
case *State* v. *Liles*, 78 N. C., 496.

The second ground, that the indictment did not allege that the
child was abducted without the consent and against the will of
the father, is without any foundation, because it is not a part of the
description of the offence, that the child should be abducted with-
out the consent or against the will of the father.

The remaining ground is even less tenable than the preceding,
for here the clause creating the offence is in §973, and the *proviso*

which the defendant's counsel insists should have been negatived in the indictment, is in the subsequent section, 974, and it is a well settled rule, that " when a statute contains provisos and exceptions in distinct clauses, it is not necessary to state in the indictment that the defendant does not come within the exception or negative the proviso it contains." Chitty Cr. L., 283, b. 284; Archbold Cr. L., 53. It is only necessary to negative an exception or *proviso* when it is stated in the enacting clause, in order that the description of the crime may in all respects correspond with the statute. Bishop on Criminal Proceedure, §37 ; Archbold, *Ibid.;* *State* v. *Lanier,* 88 N. C., 658.

There is no error. Let this be certified to the Superior Court of Wake county, that the case may be proceeded with according to law.

No error.                                                                Affirmed.