STATE v. G. W. DOWNS et al.

*Indictment for Selling Intoxicating Liquors — Illegal Sale—Ignorance of the Law—Advice of Counsel—Intent —Indictment—Verdict.*

1. Where an indictment charged the unlawful sale of spirituous liquors within two miles of "Bethel Methodist Church in Macon County," a verdict (following the statute prohibiting the sale) describing the church merely as "Bethel Church in Macon County" did not constitute a material variance.

2. An indictment charging the unlawful sale of spirituous liquors is not defective because it does not specify the kind of spirituous liquors sold, inasmuch as that is a matter of evidence.

3. It is not necessary in an indictment for the unlawful sale of liquors within a prohibited distance from a certain church, to refer to the statute inasmuch as it is a public local statute of which the Court will take notice.

4. Ignorance of the law excuses no one and the vicarious ignorance of counsel has no greater value; therefore, the unlawful sale of spirituous liquors is not excused by the fact that the defendant, acting under advice of his counsel, believed that the particular sale was not a violation of the law.

5. The intention with which an unlawful sale of intoxicating liquors was made by one having no authority to make the sale for any purpose is immaterial.

6. A Government license for the sale of intoxicating liquors will not protect the holder thereof from prosecution by the State for selling in violation of State laws.

7. An indictment charging the violation of a certain section of the statute need not specify that the act charged does not come within an exception created by a subsequent section of the same statute.

INDICTMENT for the unlawful sale of spirituous liquors within two miles of Bethel Methodist Church in Macon County, tried before *Shuford, J.*, and a jury, at Fall Term, 1894, of MACON Superior Court. The defendants were found guilty—under a special verdict—and appealed from the judgment thereon. The special verdict was as follows:

"The jury for their verdict say, that the defendants within two years before the finding of this bill of indictment sold spirituous liquor at the place of manufacture in Macon County, to-wit, one gallon to one David Lewis, within two miles of Bethel Church, in Macon County. Acts of 1881, chapter 234.

"That before making said sale the defendants inquired of two reputable attorneys, who practice law in said county, if the said Bethel Church was incorporated, and were informed by said attorneys that said church was not incorporated, and that it would be no violation of the law for them, the said defendants, to sell spirituous liquors at said place of manufacture in quantities not less than a gallon.

"The defendants had license from the United States Government to manufacture and sell spirituous liquor at the place of manufacture.

"That the defendants did not intend to violate the law when they made said sale.

"If, from the foregoing facts, the Court is of the opinion that the defendants are guilty, then the jury find them guilty; and if, from said facts, the Court should be of the opinion that the defendants are not guilty, then the jury find them not guilty."

*The Attorney General*, for State.
*Mr. J. F. Ray*, for defendants (appellants).

CLARK, J.: The indictment charges the sale of spirituous liquor within two miles of Bethel Methodist Church

in Macon county. The statute, Acts 1881, Ch. 234, and the verdict both describe the church simply as Bethel Church in Macon County. There is nothing to indicate that the church is not one and the same. The added word "Methodist" in the indictment is simply harmless surplusage or immaterial variance. *State* v. *Eaves*, 106 N. C., 752. There is nothing tending to show that there was any ambiguity or more than one Bethel Church in the County as in *State* v. *Partlow*, 91 N. C., 550, or that the defendants were in any wise prejudiced in their defence or misled as to the church which was meant. It was not necessary that the indictment should specify the kind of spirituous liquor sold. That was a matter of evidence. *State* v. *Packer*, 80 N. C., 439.

Nor was it necessary to refer to the statute in the indictment as it was a public local statute. *State* v. *Wallace*, 94 N. C., 827. Neither was it any defence that before making sale of the liquor the defendants on inquiry of counsel were told that the church was not incorporated and that it would be no violation of the law for the defendants to sell within two miles thereof at the place of manufacture in quantities less than a gallon. "Ignorance of the law excuses no one," and the vicarious ignorance of counsel has no greater value. *State* v. *Boyett*, 32 N. C., 336. The law does not encourage ignorance in either. *State* v. *Dickens*, 2 N. C., 406. If ignorance of counsel would excuse violations of the criminal law, the more ignorant counsel could manage to be the more valuable and sought for, in many cases, would be his advice.

The criminal intent is not the intent to violate the law but the intentional doing the act which is a violation of law. It is only when the criminality depends not merely upon the act but upon the motive or intent with which it is done that the intent becomes material. *State* v. *McBrayer*, 98 N. C.,

STATE *v.* DOWNS.

619 ; *State* v. *Dalton,* 101 N. C., 680 ; *State* v. *Wray,* 72 N. C., 253, pressed by defendant's counsel, applies only to parties (as druggists) authorized to sell for medical purposes and who therefore cannot be found guilty for merely selling, but only if they sell not in good faith for such purposes.

The license from the U. S. Government was, only a protection from prosecution by its authority. It did not protect the defendants from prosecution in the State Courts for selling contrary to State laws. *State* v. *Steven's,* 114 N. C., 873.

When there is an exception in the same clause which creates the offence it should be negatived in the indictment. If the exception is in another clause this is not necessary but it is matter to be shown in defence. *State* v. *Norman,* 13 N. C., 222 ; *State* v. *Tomlinson,* 77 N. C., 528 ; *State* v. *Heaton,* 81 N. C., 542 ; *State* v. *Lanier,* 88 N. C., 658 ; *State* v. *George,* 93 N. C., 567. Here the *proviso* that the act should not apply to the sale of vinous liquors, is in a separate clause, the 9th, while the provision violated by the defendants is in the 2nd clause. If the liquor sold had been vinous and the defendants had wished to rely upon that fact this was matter of defence and it was not necessary to anticipate and negative it in the indictment.

No Error.