STATE v. GOULDEN.

(Filed April 26, 1904).

1. BIGAMY—*Declarations—Evidence—The Code, sec. 988.*

In a prosecution for bigamy an admission of the defendant is competent to prove the first marriage.

2. BIGAMY—*Evidence.*

In a prosecution for bigamy, in which defendant had testified that he drove his first wife away, his reasons for so doing were not admissible.

3. BIGAMY—*Burden of Proof—Evidence.*

Under The Code, sec. 988, the burden is on the defendant, in a prosecution for bigamy, to show that he did not know that his former wife was living.

4. BIGAMY—*Husband and Wife.*

> Under The Code, sec. 988, the absence of the wife for seven years, caused by being driven away by her husband, does not justify him in remarrying without making inquiry as to whether the wife was living.

5. INDICTMENT—*Statutes—Proviso.*

> Where a proviso in a statute withdraws the case from the operation of the body of the section it need not be negatived in the indictment.

6. BIGAMY—*Statutes—Proviso—Burden of Proof.*

> Where a proviso withdraws a case from the operation of the body of the statute, the burden is on the defendant to bring himself within the proviso.

7. BIGAMY—*Intent..*

> A belief by the defendant that his first wife is dead or his ignorance of her being alive, she having been away for less than seven years, is no defense in a prosecution for bigamy.

DOUGLAS, J., dissenting.

INDICTMENT against Julius Golden, heard by *Judge T. A. McNeill* and a jury, at August Term, 1903, of the Superior Court of ROCKINGHAM County. From a verdict of guilty, and judgment thereon, the defendant appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*C. O. McMichael,* for the defendant.

CLARK, C. J. The defendant was indicted under The Code, section 988, for bigamy. The admissions of the defendant were competent to prove the first marriage. *State v. Wylde,* 110 N. C., 500; *State v. Melton,* 120 N. C., 591; 2 McLain Cr. Law, section 1083, and cases cited in note 6; 2 Bish. Stat. Cr. (2 Ed.), section 610. It was therefore not

error to admit evidence that when the defendant, about three weeks before the second marriage, stated his intention to marry and was charged with the existence of his first wife, he had replied "I wish I could hear she was dead so I could be a free man." The defendant stated that he drove his wife off. It was not error to refuse to permit him to give his reasons for so doing, for it was not matter pertinent to the issue.

The Court charged the jury: "The burden is on the defendant to show that he did not know that his first wife was living for the seven years prior to his second marriage." In this there was no error. The Code, section 988, after prescribing that a second marriage, during the life-time of the former husband or wife, is bigamy, and fixing the punishment therefor, contains the following proviso: "Provided that nothing herein contained shall extend to any person marrying a second time, whose husband or wife shall have been continually absent from such person for the space of seven years then last past, and shall not have been known by such person to have been living within that time, nor shall extend to any person who at the time of such second marriage shall have been lawfully divorced from the bond of the first marriage, nor to any person whose former marriage shall have been declared void by the sentence of any Court of competent jurisdiction."

The burden is on the State to prove beyond a reasonable doubt both marriages, and that at the date of the second marriage the husband or wife of the defendant by the first marriage was still living. This completes the offense, but the proviso exempts the defendant notwithstanding from conviction and punishment if either one of three things, peculiarly within his knowledge, are shown, *i. e.,* (1) that such former wife or husband had been continually absent for seven years at the date of the second marriage *and* shall not have been known by the defendant to have been living within that time;

STATE *v.* GOULDEN.

*or* (2) that the defendant had been lawfully divorced at the time of the second marriage; *or* (3) that the first marriage has been declared void by any court of competent jurisdiction. These are matters of defense to withdraw the defendant from liability, notwithstanding proof that bigamy has been actually committed by a second marriage during the life-time of the first husband or wife. These matters being set out in the proviso, withdrawing the defendant from liability, by our uniform decisions they are not required to be negatived in the indictment and of course the State is not required to prove what it is not called on to allege.

In *State v. Norman,* 13 N. C., 222, construing the Act of 1790, now substantially the above section 988 of The Code (save that the punishment is not death as was then the case), *Henderson, C. J.,* says that the proviso therein "withdraws the case from the operation of the act" and the burden was upon the defendant to show the divorce, which in that case was the part of the proviso relied on. This ruling that the State is not called on to negative in the indictment matter of defense set out in a proviso when it withdraws a case from the operation of the body of the section has been cited and approved. *State v. Davis,* 109 N. C., 780; *State v. Melton,* 120 N. C., 591; *State v. Call,* 121 N. C., 643; *State v. Newcomb,* 126 N. C., 1104, in which last case the authorities are reviewed.

The burden is on the defendant to show as a matter of defense that his wife had absented herself for the space of seven years next before the second marriage and that he was ignorant all that time that she was living. The authorities for this are abundant: *State v. Barrow,* 31 La., 691; *State v. Lyons,* 3 La. Ann., 154; *Stanglein v. State,* 17 Ohio St., 453; *State v. Abbey,* 29 Vt. 69, 67 Am. Dec., 754; *Fleming v. People,* 27 N. Y., 329; *State v. Williams,* 20 Iowa, 98; 2 Wharton Cr. Law (10 Ed.), sections 1704, 1705; 2 McClain

STATE *v.* GOULDEN.

Cr. Law, section 1080. The State could rarely prove that a defendant was not ignorant that his wife was living, while he can as a witness in his own behalf testify that he was.

Speaking of another (the second) ground of defense allowed in the proviso, *Lord Denman, C. J.,* said in *Murray v. Reg.,* 7 Q. B., 706, that it would be as reasonable to require the prosecution to deny that the statute had been repealed as to negative a divorce—one being as much a matter of defense as the other. The matters set out in the proviso are, as above stated, matters peculiarly within the knowledge of the defendant, and none more so than whether he was ignorant of his wife's existence at all times within seven years before the second marriage. "In such cases * * * the negative is not to be proved by the prosecutor, but on the contrary the affirmative must be proved by the defendant as matter of defense." Wharton Cr. Law, section 614; 1 Greenleaf Ev., section 79. In *Rex v. Jarvis,* 1 East., 643, *Lord Mansfield* said: "It is a known distinction that what comes by way of proviso in a statute must be insisted on, by way of defense, by the party accused; but where exceptions are in the enacting part of the law, it must appear in the charge that the defendant does not fall within any of them."

All the authorities concur that neither the belief of the defendant, however honest, that the first spouse is dead, nor ignorance of his or her being alive for less than seven years is a defense. *Reg. v. Cullen,* 9 C. & P., 681; *Com. v. Hayden,* 163 Mass., 453, 28 L. R. A., 318, 47 Am. St. Rep., 468; *Com. v. Mash,* 7 Metc., 472. In 2 Wharton Cr. Law (10 Ed.), section 1705, it is well said: " 'Men readily believe what they wish to be true' is a maxim of the old jurists. To sustain a second marriage, and to vacate a first, because one of the parties believed the other to be dead, would make the existence of the marital relation determinable, not by certain extrinsic facts, easily capable of forensic ascertainment

and proof, but by the subjective condition of individuals." In this case the evidence is that the first wife had lived in twenty or thirty miles of the defendant ever since he testified that he drove her off, and though his testimony was that he had not heard of her for twenty-four years, except that he heard a year before his second marriage that she was dead, he showed no effort to verify that fact, and the State offered evidence tending to show that the defendant knew she was alive within seven years of the bigamous marriage. Indeed, he having driven her off, such involuntary departure being absence procured by the defendant himself is not such "absence" as would have excused the defendant from inquiry even after the lapse of seven years. *Parker v. State,* 77 Ala., 47, 54 Am. Rep., 43.

No Error.

DOUGLAS, J., dissenting. I am inclined to agree with the line of authorities holding that where it has been shown that the wife has been absent from her husband for over seven years, the burden of proving that he knew she was alive at the time of the second marriage rests upon the State. Otherwise, the defendant would be required to prove a negative, which he could do only by going upon the stand and submitting to cross-examination. He would be forced to become a witness in his own case with all its possible consequences. On the other hand, the State could prove the fact affirmatively by any evidence direct or circumstantial that the jury might believe; as, for instance, that the defendant had been seen with his wife within the seven years, or that she had been seen in the neighborhood, or that some one had told him she was alive, or that her whereabouts were generally known in the community. Any one of these facts would *tend* to prove his guilty knowledge. To require a defendant to prove a divorce is essentially a different matter, and in-

deed is the converse of the former. A divorce is an affirmative fact peculiarly within the knowledge of the defendant, and which can be easily and conclusively proved by a mere transcript of the record, without requiring the defendant to become a witness or involve himself in any dangerous consequences. *Cessante ratione cessat et ipsa lex.*