CLARK, C. J., and BROWN, J., dissenting.
The statute under which the conviction was had, Revisal, sec. 3360, is as follows: *Page 548 
"If any male person shall abduct or elope with the wife of another, he shall be guilty of a felony, and upon conviction shall be imprisoned not less than one year nor more than ten years: Provided, that the woman, since her marriage, has been an innocent and virtuous woman: Provided, that no conviction shall be had upon the unsupported testimony of any such married woman."
Defendant, by exceptions properly noted, assigns for error:
1. That the Judge erred in charging the jury that the burden was on the defendant to prove that the "woman in the case" was neither innocent nor virtuous.
It is well established that when a statute creates a substantive criminal offense, the description of the same being complete and definite, and by subsequent clause, either in the same or some other section, or by another statute, a certain case or class of cases is withdrawn or excepted from its provisions, these excepted cases need not be negative in the indictment, nor is proof required to be made in the first instance on the part of the prosecution.
In such circumstance, a defendant charged with the crime who seeks protection by reason of the exception, has the burden of proving that he comes within the same. S. v. Heaton, 81 N.C. 543; S. v. Goulden,134 N.C. 743.
These limitations on the clause creating the offense being usually expressed under a proviso, we find the rule frequently stated: "That when a proviso in a statute withdraws a case from the operations of the body of the section, it need not be negatived in the indictment."
This statement is entirely correct so far as noted in cases where the same has been applied, and will be found generally sufficient for the determination of questions arising under statutes of this (702) character.
The test here suggested, however, is not universally sufficient, and a careful examination of the principle will disclose that the rule and its application depends not so much on the placing of the qualifying words, or whether they are preceded by the terms, "provided" or "except;" but rather on the nature, meaning and purpose of the words themselves.
And if these words, though in the form of a proviso or an exception, are in fact, and by correct interpretation, but a part of the definition and description of the offense, they must be negatived in the bill of indictment.
In such case, this is necessary, in order to make a complete statement of the crime for which defendant is prosecuted. *Page 549 
In S. v. Abbey, 29 Vt. 60, it is said:
"Whether an exception in a statute is to be negatived in a pleading, or whether they are mere matters of defense, depends upon their nature, and not upon their placing or upon their being preceded by the words `except' or `provided.'"
And again:
"The exceptions in a penal statute required to be negatived are such as are so incorporated with and a part of the enactment, as to constitute a part of the definition or description of the offense."
Our own decisions are in support of this proposition. S. v. Norman,13 N.C. 223; S. v. Liles, 78 N.C. 496; S. v. Burton, 138 N.C. 576. See, also, Clarks Criminal Procedure, pp. 272 and 273, which gives a very full and satisfactory statement of the doctrine.
This being the correct test, we think it clear that the words in the statute here considered and contained in the first proviso are, and were intended to be, a part of the description of the offense.
It does not withdraw a case from the operation of the body of the section in which a definite substantive offense is created, (703) but it adds a qualification to the offense itself.
As said by Henderson, J., in S. v. Norman, supra:
"We find in the acts of our Legislature two kind of provisos — the one in the nature of an exception, which withdraws the case provided for from the operation of the act, the other adding a qualification, whereby a case is brought within that operation. Where the proviso is of the first kind it is not necessary in an indictment, or other charge, founded upon the act, to negative the proviso; but if the case is within the proviso it is left to the defendant to show that fact by way of defense. But in a proviso of the latter description the indictment must bring the case within the proviso. For, in reality, that which is provided for, in what is called a proviso to the act, is part of the enactment itself."
This interpretation is confirmed by the highly penal nature of the statute, making the offense a felony, and imposing a punishment of not less than one or more than ten years imprisonment.
Such a penalty was never intended to be imposed on one who should elope with a wife separated from her husband, and who was an abandoned prostitute, and such a statute was in all probability only passed to protect women who had been innocent and virtuous, and to punish the criminal who had wronged and debauched them.
This view finds further support in the second exception, which provides that unsupported testimony of the woman herself should not warrant *Page 550 
a conviction; evidently contemplating that the burden of the first proviso was on the State; for it is only as to facts included in the first that the testimony of the woman was likely to be important.
The words contained in the first proviso being descriptive of the offense and a part of its definition, it is necessary, in stating the crime charged, that they should be negatived in the bill of indictment. And wherever this is required and the statute does not otherwise (704) provide, and the qualifying facts do not relate to defendant personally and are not peculiarly within his knowledge, the allegation must be made good, by proof; and, being part of the crime, must be proved by the State, and beyond a reasonable doubt. S. v.Crowder, 97 N.C. 432; S. v. Wilbourne, 87 N.C. 529.
The correct doctrine as to the rule and the exceptions to it is well stated in Archbold's Criminal Pleading, as follows:
"In indictments upon statutes we have seen (ante, p. 53) that where an exception or proviso is mixed up with the description of the offense, in the same clause of the statute, the indictment must show, negatively, that the party, or the matter pleaded, does not come within the meaning of such exception or proviso. These negative averments seem formerly to have been proved in all cases by the prosecutor; but the correct rule upon the subject seems to be that in cases where the subject of such averment relates to the defendant personally, or is peculiarly within his knowledge, the negative is not to be proved by the prosecutor, but, on the contrary, the affirmative must be proved by the defendant, as matter of defense; but, on the other hand, if the subject of the averment do not relate personally to the defendant, or be not peculiarly within his knowledge, but either relate personally to the prosecutor, or be peculiarly within his knowledge, or at least be as much within his knowledge as within the knowledge of the defendant, the prosecutor must prove the negative."
The general rule is that what is necessary to be charged as a descriptive part of the offense is required to be proved; and all of the decisions in this State which we have noted, or which have been called to our attention where the rule has been changed and the burden put on defendant, have been cases where the burden was changed by the statute, or the facts referred to in the exception or proviso related to the defendant personally, or were peculiarly within his knowledge.
(705) This was true in S. v. Goulden, supra, as to the proviso in indictments for bigamy; also in indictments for selling liquor without license, in criminal trespass on land, etc., etc.
The principle, we think, should not be extended or applied except in cases of like kind and based on reasons of like necessity.
As said by Ruffin, J., in S. v. Wilbourne, supra:
"The general rule most undoubtedly is that the truth of every averment, whether it be affirmative or negative, which is necessary to *Page 551 
constitute the offense charged, must be established by the prosecutor. The rule itself is but another form of stating the proposition that every man charged with a criminal violation of the law is presumed to be innocent until shown to be guilty, and it is founded, it is said, upon principes [principles] of natural justice; and so forcibly has it commended itself by its wisdom and humanity to the consideration of this Court, that it has never felt willing, whatever circumstances of difficulty might attend any given case, to disregard it."
We hold, therefore, that the Judge erred in putting the burden of proving the facts of the first proviso on the defendant.
Defendant further excepted because the Judge below admitted evidence as to the general character of the woman for virtue.
In criminal prosecutions it is always open to defendant to offer evidence as to his character at the time of the alleged offense and have the same considered as substantive testimony in his favor. S. v. Johnson,60 N.C. 151.
And, under certain circumstances, the character of other persons is relevant in like manner. This is generally true in prosecutions for criminal offenses against females, where, from the nature of the prosecution, the character of the woman is necessarily and directly (706) involved in the issue.
It is so in seduction and in indictments for rape or for assault with intent to commit rape. S. v. Daniel, 87 N.C. 507.
And it is so in abduction, when, as here, the character of the woman is, by express terms of the statute, directly in question. Am. and Eng. Ency., vol. 1, p. 181, and note.
It will be observed that in States which hold the contrary, on indictments for abduction, the decisions are put on the ground that the crime, by their statutes, in no way depends on the character of the person abducted. People v. Demousset, 71 Cal. 611.
His Honor was correct, therefore, in admitting the testimony as relevant to the inquiry.
For the error in the charge as to the burden of proof, the defendant is entitled to a new trial, and it is so ordered.
New Trial.